KENYON *vs.* BERGHEL, F. W. C.

EASTERN DIST.
*March*, 1839.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, FOR THE
PARISH OF EAST BATON ROUGE, THE JUDGE OF THE EIGHTH PRESIDING.

KENYON
*vs.*
BERGHEL, F.W.C.

| 13 | 133 |
|-----|-----|
| 113 | 455 |

Parole evidence may be received to prove a verbal agreement, in regard to the occupation and repair of certain buildings, although there be a written lease, if the agreement relates to a separate matter not contained in the lease.

Parole evidence will be disregarded in construing a written lease, but may be received in proof of a contract posterior to the lease.

This is an action to recover from the defendant two hundred and seventy-five dollars and eighty-four cents, for materials furnished, and for repairs made, and for work done on the defendant's building, according to an account annexed.

The plaintiff also claims three hundred dollars in damages, for the failure of the defendant to have the building in question fitted up, and the necessary repairs put on it, by the 1st of September, 1835, to render it habitable, and available to the plaintiff, as a boarding house for the accommodation of travellers, for which purpose he rented and leased it. He prays judgment for the amount of his account, and damages, as alleged. He also alleges that his services, for work and repairs made on the premises, were worth the sum charged.

The defendant pleaded a general denial, and also denied specially the allegations in the petition. And for further answer, she averred there was a written contract of lease of the premises in question by her to the defendant, which she annexes, and prays that the suit be dismissed.

Upon these pleadings and issues, the cause was tried before the court and a jury.

Several bills of exception were taken to the opinion of the court, which are stated in the opinion of this court, which follows.

The district judge charged the jury, that the evidence in the case, disclosing a written contract of lease, also showed that the pretended verbal contract for repairs related to the same house. The defendant's counsel required the judge to

EASTERN DIST.
March, 1839.

KENYON
vs.
BERGHEL, F.W.C.

charge the jury that they must disregard all the parole evidence, as a written contract of lease was disclosed to have been executed on the same day as the pretended verbal one.

The judge refused so to charge the jury, but charged them that they were to disregard any oral testimony in construing the written contract of lease ; but if they believed, from the testimony, that there existed a separate, independent verbal contract, respecting the finishing and repairing the house, the same might be proved by parole testimony. The judge further charged the jury, that the obligation of the defendant to pay the plaintiff in part, as alleged in the petition, grew out of an implied, or *quasi* contract, on a *quantum meruit*. The defendant's counsel objected to this part of the charge also, on the ground that a *quasi* contract did not give rise to such an obligation. That the right of the plaintiff, if any he had, grew out of the provisions contained in the 2697th article of the Louisiana Code, giving the plaintiff the right to remove the improvements he had made on the premises he had leased, unless the defendant thought proper to retain them, on paying a fair price.

The judge further charged, " that in this case one of the counts or allegations in the petition, claimed a certain sum on a *quantum meruit*, for services rendered ; that our laws recognized the doctrine, that where one person renders services to another, whereby the latter is benefited, that it raises an implied contract that the former shall be remunerated." To all of these charges the defendant's counsel excepted.

The jury returned a verdict in favor of the plaintiff, for two hundred and sixty-one dollars and sixty-seven cents. From judgment confirming the verdict, the defendant appealed.

*Elam*, for the appellant.

*Avery*, contra.

*Martin, J.*, delivered the opinion of the court.

The plaintiff states, that he rented from the defendant a

house, intended to be occupied as a boarding house, which the latter promised to repair and improve, so as to render it fit for the purpose for which it was rented, which she neglected to do ; and the plaintiff was at great cost and expense in having it done. The object of the present suit is to recover the amount so expended, and damages.

The defendant pleaded the general issue, and that no contract intervened between the parties, except one of lease, which was reduced to writing, and contains no obligation on defendant to make the repairs and improvements mentioned in the petition. There was a verdict and judgment for the plaintiff, and the defendant appealed.

Our attention is arrested by two bills of exception ; the first is to the admission of parole evidence, to prove the contract alleged in the petition, on the ground that there was a written one, in which the plaintiff agreed to receive the house in the condition in which it then stood, and that there could not exist, at the same time, two separate and independent contracts relative to the said lease. The objection was overruled, on the ground that it might appear from the evidence that the verbal contract related to a separate building ; and further, that a verbal contract concerning the finishing and improving said property might exist independent of, and unconnected with the lease.

The second bill is to the refusal of the judge to charge the jury, that the evidence disclosing that the lease and parole contract related to the same building, the jury ought to disregard the parole evidence of what may have been said before, at the time, or after the execution of the lease. The court instructed the jury to disregard the testimony in construing the written contract ; but if they believed that there existed a separate verbal contract respecting the finishing and repairing the house, it might be proved, and that the obligation of the plaintiff grew out of an implied or *quasi* contract, on a *quantum meruit.* The defendant requested the judge to charge, that the defendant's obligation, if any, resulted from the Louisiana Code, article 2697, giving the lessee the right to remove his improvements, unless the les-

sor pay a fair price therefor. The judge further charged, that there was a count in the petition for services, on a *quantum meruit;* and that the law recognizes the doctrine, that when one renders services beneficial to the other, an implied contract is raised for remuneration.

I. As to the first bill of exceptions, it is incorrectly stated therein, that the lessee bound himself by the lease to receive the premises in the condition in which they were. Had this been the case, it might be questioned whether it could be shown, that immediately after the execution of the lease, an oral agreement was made, directly in contradiction to the lease ; for this might be said to be prohibited by the Louisiana Code, article 2256, which forbids the admission of parole evidence *against* what is contained in acts, or what is said since making them ; but this is not attempted, and evidence is offered of a second and distinct agreement on an object not mentioned in the lease. It does not appear to us that the court erred.

*Parole evidence may be received to prove a verbal agreement in regard to the occupation and repairs of certain buildings, although there be a written lease, if the agreement relates to a separate matter not contained in the lease.*

II. On the second bill, the court correctly charged the jury to disregard the parole evidence in construing any part of the lease ; but to attend to it as the proof of a contract posterior to the lease. We do not see that there was any necessity to direct the jury to the consideration of the article of the Louisiana Code relied on by the defendant. The amount of the plaintiff's claim was correctly stated to be on a *quantum meruit.* The latter part of the charge ought to have been restrained to services rendered, at the instance and request of defendant ; or as a *negotiorum gestor,*—but this modification was not necessary in the present case, which is that of damages sought from the defendant, for having failed to do what she had promised.

*Parole evidence will be disregarded in construing a written lease, but may be received in proof of a contract posterior to the lease.*

III. On the merits, it appears to us that the plaintiff has made out his case, and is entitled to the verdict and judgment he has obtained.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs in both courts.