# MEMORANDA

## THE CHAPPELL CHEMICAL AND FERTILIZER COMPANY *vs.* THE SULPHUR MINES COMPANY OF VIRGINIA.

*Injunction Against Judgment at Law—Jury Trial in Civil Cases—
Non-Jury Docket—No Amendment of Dismissed Bill.*

Two appeals in one record from Circuit Court No. 2, of Baltimore City.   *Affirmed.*

The bill and amended bill filed by the appellant asked for an injunction restraining the defendant (appellee) from proceeding further with an attachment on a judgment rendered in favor of the defendant against the appellant.   The defendant's demurrers to the bills were sustained and the same dismissed.   This Court said that there had been " every opportunity for the appellant not only to make such defences as he deemed proper before the trial, but to have the rulings of that Court reviewed by us.   Such being the case the appellant cannot resort to a Court of Equity.   If it be conceded that there was error on the part of the trial Judge, the remedy was by appeal.   The point that seems to have been most relied on by the appellant to sustain the allegations that the judgment was void, is based on a claim that it had the right of trial by jury and that right could not be taken away.   We do not understand that to be questioned by the appellees, but whether a litigant can be compelled to elect a jury trial within a time fixed by rule of Court is another question.  The Constitution, as amended, expressly authorizes the General Assembly to provide by law, or the Supreme Bench of Baltimore City by its rules, for requiring causes in any of the Courts of the city to be tried before the Court with-

out a jury, unless the litigants, or some one of them, shall within such reasonable time as may be prescribed, elect to have their causes tried before a jury. That is an admirable provision and might with great propriety have been made applicable to the whole State, as in the counties it frequently happens that cases are tried before the Court whilst the jury is still in attendance, at the expense of the county, because the Court does not know when a jury will be required. But great stress was laid by the appellant upon the decision in the case of *Lanahan* v. *Heaver*, 77 Md. 605, because that case was decided after chapter 313 of the laws of 1892 was passed. Without meaning to intimate that it would have sustained the appellant's contention if the Act of 1892 had been before the Court, it is only necessary to observe that when the case of *Lanahan* v. *Heaver* was decided the Constitutional amendment above referred to, which was proposed by the Act of 1892, had not been adopted. It was not submitted to the voters of the State until the fall of 1893, and the Governor's proclamation of the adoption of the amendment was not made until November 24th, 1893, which was over five months after the above case was decided by this Court, and, of course, still longer after the question was raised in the Court below. But in referring to that we do not want to be understood as considering that question before us in this case, for if the Court had erred in declining to grant the appellant a jury trial when demanded by it, its remedy was by an appeal in that case, and is in point of fact being urged in the appeal from that judgment on the docket of this term. It would be difficult to find a case wherein the importance and wisdom of the rule adopted by Courts of Equity not to unnecessarily or upon trivial grounds interfere with Courts of Law, could be made more manifest than the present one, when we have before us at the same term an appeal from the judgment in the suit at law, in which all questions properly raised could be brought before us, and an appeal from a Court of Equity refusing to grant an injunction to stay proceedings under that same judgment. When we see

from the record in the other case that an appeal bond was filed, which staid further proceedings, this proceeding seems all the more remarkable."

Opinion by Boyd, J., filed January 5th, 1897.

---

The other appeal in the same record was from the refusal of the Court below to allow the plaintiff to file an "ancillary bill of complaint," after the original bill had been dismissed by decree and an appeal taken. In affirming this order this Court said (Boyd, J., delivering the opinion), that "even after a Court of Equity has sustained a demurrer to a bill, it can grant leave to amend, if it can be seen that the defects can be remedied by amendment, and the Court is of the opinion that substantial justice requires it. But when an application to amend is not made within a reasonable time and the bill is dismissed, it is out of Court and there is nothing to amend. In this case instead of asking the Court to strike out the decree dismissing the bill so it could amend, the appellant took an appeal. The case was thus beyond the right of the plaintiff to amend or to file a supplemental or "ancillary" bill. But in addition to that the reasons assigned in the petition were not sufficient to authorize the interposition of a Court of Equity. The order of the Court in refusing to allow the plaintiff to file an "ancillary bill" must be affirmed."

Submitted on briefs by *Thos. C. Chappell,* for the appellant, and *Barton & Wilmer* and *James M. Ambler,* for the appellee.

No. 59, October term, 1896. Recorded in Liber J. S. F., No. 2, etc., folio 817, of "Opinions Unreported."