————o————

## No. 3333.

(Court of Appeal, Parish of Orleans.)

MRS. JONTE EQUEN, Appellee, vs A. B. GERNON, Appellant.

1. Parole evidence is admissible of a separate prior agreement not

84

written in a contract of lease upon which said contract is predicated to show that the terms of said agreement were carried out by the lessor in conformity with those of the lease.

2. The inconsistent behavior of a lessee who calls for alleged necessary repairs and refuses access to the leased premises, cannot command the favorable consideration of Courts.

3. The lessor who, under the law, is bound to maintain his property for the use for which it is hired and further bound during the continuance of the lease to make all the repairs which may accidently become necessary has, personally or through his representatives, access to the leased premises for the purpose of such repairs. R. C. C. 2692-3.

4. A plea in reconvention for damages sustained by the lessee from the defective condition must be set out specifically and proven with the same certainty as in a direct action. Hen. pg. 1173, No. 1.

5. Litigants must stand or fall in accordance with their pleadings. They cannot obtain what the pleadings do not warrant.

Appeal from Civil District Court, Division C.

E. A. Parsons, for Plantiff and Appellee.

Dinkelspiel & Hart, H. L. Lazarus, H. M. Ansley, for Defendant and Appellant.

BEAUREGARD, J.   This is a suit, coupled with a writ of provisional seizure, by a lessor against his lessee for rent due for one year, from the 1st of October 1902, to the 30th of September 1903, less the first month which was duly paid, whilst the balance claimed is evidenced by eleven (11) unpaid rent notes of $60 each, the second and third of which were past due at the institution of these proceedings, and the rest—although exigible for failure to pay the rent of any one month—remaining unpaid during the term and at expiration of the lease.   Hence plaintiff's claim for $660, the interest borne by each of the first two notes, with 10 per cent attorneys fees on the aggregate amount of principal and interest, and with landlord's lien and privilege upon all the property and effects seized under the provisional seizure, which had been, subsequent to the seizure, bonded and released.   The defense set up is—substantially a violation of the agreement entered into between the lessor and lessee preceding the act of lease which was subsequently passed between the parties, which act declared that the premises leased (Residence No. 1748 Exposition Boulevard) had been received by the tenant in good order and condition; whereas the very agreement referred to, was to the effect that the premises would be put in good order and condition—which was never done. That consequently the house so leased was uninhabitable; that for violation of this preliminary agreement there was a failure of consideration, and that the lessee had been damaged to the extent of $500, for

which he prays in reconvention. At the trial of this case which resulted in a judgment in full of plaintiff's demand and rejecting defendant's plea in reconvention at his cost, and from which judgment the defendant appeals, the defendant sought to show by parole evidence plaintiff's violation of the agreement referred to above and preceding the drawing up of the act of lease. The judge a qua admitted this evidence on plaintiff's objection as tending to add to or vary the terms of the act of lease on which he "squarely stood." And this alleged erroneous ruling is pressed to the attention of this Court. We see no error in this. It is well settled that such evidence is competent to prove a separate matter not contained within the act of lease. 13 La. 135; 4 La. 29; 36 A. 121-2.

Therefore, our examination of the whole of the evidence of record: It would appear that the leased premises had been tenantless for about two years prior to the time when it was leased to the defendant. That it was agreed that this residence should be painted and this was done. That it should be papered; and all of its rooms (7) were papered and that the plumbing work should be done. The receipted bills of record, of the paper hanger and of the plumber McCabe make proof that these matters were attended to and completed.

It is further shown that, if the first monthly rent was paid, that the collector of Danziger, Denis & Tessier who rented the premises to the defendant, Mr. Tessier, Jr., who called on the defendant for his payment of the second and third months rental, failed to collect same, avering as a reason (and he is not contradicted) that the defendant had no money to pay for these months; had put him off from one month to the other and had raised no objection as to the condition of the leased premises.

It was then, or shortly thereafter that numerous complaints as to the unsanitary condition or uninhabitable state of the leased premises were made to plaintiff's agents—Dennis, Danziger & Tessier. Anxious to remedy these defects, the very plumber who had previously attended to the plumbing of the house was dispatched on that mission; with a helper and his tools he called, but was refused admission to the house.

On the repetition of complaints the plumber called again meeting with the same reception. In fact three times more did he repair to the leased premises on the same mission, and three times more was access to the house denied him. The last two times he was accompanied by plaintiff's attorney. The ground of refusal to admit these parties to verify, inspect and remedy the defects complained of were flimsy in the extreme. These parties could hardly have been taken for malefactors, but agents of the plaintiff and whose mission was imparted to the inmates of the house and whose visit was in response to their entreaty for repairs.

If the law (and it does) imposes on the lessor the obligation of maintaining the leased premises in a condition to serve the purpose for which they are hired; and to make *during the continuance* of the lease all the repairs which may accidently become necessary. R. C. C. 2692 and 2693, *a fortiori*, had the plaintiff in this case, as lessor, the right of access, either personally or by his represen-

86

tative to his leased premises. The last time these called at defendant's residence and in obedience to a notice from the Board of Health that plaintiff's premises were in an unsanitary condition and to be remedied within a fixed period, but were refused admittance, because "the defendant was not present" in the house they requested of the inmates, the fixing of a convenient time when they should call again. The request was unavailing, remaining without an answer.

Such an inconsistency of behavior on the part of defendant or of his representatives (for it appears that Miss Gernon was the bearer of messages of complaints to the agents of plaintiff) asking for repairs and refusing to allow them to be verified and made can hardly be considered as affording a basis to defendant's averments of a failure of consideration, but one impressing the conviction that it was a deliberate attempt to obtain the use and enjoyment of another's property gratuitously.

It is therefore not with favor that this Court views technicalities and a claim for damages as the means to annul a contract of lease and an offset to the rent due thereunder after the full enjoyment of the full term granted in the lease.

But to resume: It was only long after the institution of these proceedings (on June 16, 1903) that the defendant, ex parte and without notice to the proprietor caused an estimate, amounting to $451.10, to be made by the plumbing firm of Hartwell & Co., and by a paper hanging firm of $58, as evidence and proof of the necessary repairs the plaintiff should have made to defendant's premises.

The filing of a suit fixes the rights or obligations of the litigants, subsequent extra judicial acts by either of them affecting the subject matter in litigation can neither improve or detract from the subject matter; especially so where a writ of provisional seizure had issued. Such acts—as in this case—are in the nature of manufactured or self serving evidence and entitled to no credit. So the Hartwell & Co's estimate and that of the paper hanger cannot be entertained.

Defendant prays in reconvention for $500 damages under this plea the damages claimed must be alleged specifically and proven with the same certainty as in a direct action. The required allegation and proof are both wanting: 2 Hen. p. 1173, No. 1. In this connection see 23, A. 59, and also 28 A. 903.

Defendant prays further for the cancellation of the lease, and in argument before this Court for the allowance of such a renumeration to plaintiff as would, in the discretion of the Court, be proportional to defendant's occupancy of the defective premises.

Parties must stand or fall according to their pleadings. The cancellation alone is demanded in the pleadings and this Court is of of opinion that such a demand cannot be entertained.

It is therefore ordered and decreed that the judgment appealed from be and is hereby affirmed.

Judgment affirmed.
January 11th, 1904.
Rehearing refused.