*Litchfield,*
*June,*
*1823.*

Welton
*v.*
Scott.

- ⬦ -

BEERS *against* BEERS :

IN ERROR.

4 | 535
75 | 611

The act of *May,* 1821, enlarging the jurisdiction of justices of the peace, is not repugnant to the constitution of this state, as impairing the right of trial by jury.

This was an action of trespass *quare clausum fregit,* demanding thirty dollars damages, brought originally before *Elijah Middlebrook,* Esq. justice of the peace for the county of *Fairfield.* The defendant entered a general demurrer to the declaration, in which the plaintiff joined; and judgment was, thereupon, rendered for the plaintiff. The defendant then brought a writ of error in the superior court, assigning for error, That said justice *Middlebrook* could not, by the laws and constitution of this state, hold jurisdiction of said

HARVARD LAW LIBRARY

*Litchfield,*
*June,*
*1823.*

Beers
*v.*
Beers.

cause, or deprive the parties of the legal and constitutional right of trial by jury; and the case was reserved for the advice of all the Judges.

*Daggett* and *Sherman,* for the plaintiff in error, contended, That the act of the General Assembly, passed in *May,* 1821, (*a*) providing that "all causes wherein the title to land is not concerned, and wherein the debt, trespass, damage or other matter in demand, does not exceed thirty-five dollars, shall be heard and determined, by one justice of the peace," and allowing an appeal when the sum demanded exceeds seven dollars, is repugnant to the 21st section of the 1st article of the constitution of this state, and is therefore void. The words of the constitution are—"the right of trial by jury shall remain inviolable."

In the first place, by *the right of trial by jury,* is meant the right which every citizen has to demand a trial in that mode ; or, in other words, to be secured from having a judgment rendered against him, without the intervention of a jury.

Secondly, the *extent* of that right is to be ascertained, by the positive enactments of the legislature ; it not being a natural right.

Thirdly, the *time* when the right became fixed, in the extent in which it then existed, was at the adoption of the constitution. The right was to *remain* inviolable. " Remain" is a relative term, referring to something at that time in existence.

Fourthly, this provision of the constitution was intended *to limit the power of the legislature.* Before the adoption of the constitution, it was competent for the legislature to confer on a single magistrate judicial authority to an unlimited amount. This was considered as a dangerous power ; and the object of the framers of the constitution was, to restrain its exercise.

Fifthly, the law enlarging the jurisdiction of a justice of the peace from the extreme limit of fifteen dollars to thirty-five dollars, thereby rendering every citizen liable to a judgment against him for that amount, without the intervention of a jury, was *a violation* of the right of trial by jury previously existing. To constitute a violation of a right, it is not necessary that such right should be *destroyed :* if it be curtailed

(*a*) Incorporated in the revised Statutes, *tit.* 2. *s.* 23. *p.* 41.

or trammelled, so that it cannot be exercised as freely, and to the same extent, as before, it does not remain inviolate. If the judgment of the justice, in the exercise of his enlarged jurisdiction, were final, it is a conceded point, that the right in question would be violated. Then,

Sixthly, the provision made by the law for an *appeal*, does not save the right from violation. The right is violated before an appeal can be taken. The utmost extent of this provision, is, to afford *relief* to one whose constitutional right of trial by jury, has been already violated.

But it will be said, that if he *ultimately* gets a trial by jury, his right remains inviolate. Can the exercise of the right be indefinitely obstructed, and yet the right remain inviolate? Before the law was passed, the party was protected from any judgment against him, except upon the verdict of a jury: it is otherwise, now. This is not all. Before he can get a trial by jury, he must move for an appeal; he must pay a duty; he must pay for copies; he must give bond for the prosecution of his appeal; and he must, in fact, prosecute his appeal. If these are burdens greater than he is able or willing to bear, he must submit to a judgment rendered against him without the intervention of a jury.

Finally, in proportion to the importance of this right, will be the vigilance, not to say jealousy, with which this court will guard against any violation of it. It is a right which ought to be held *sacred;* and should its blessings be ultimately lost, it will be no reparation to learn from its history, that it has been frittered away, by *gradual encroachments* and *indirect means.*

*Shelton,* for the defendant in error, contended, That the law in question did not violate or impair the right of trial by jury within the meaning of the constitution.

In the first place, the right of a party to have his cause tried by the jury, did not, at the adoption of the constitution, or at any time, depend on the amount of a justice's jurisdiction; for a cause, in which less than fifteen dollars was demanded, might then be carried to the superior court, and on reversal, might be entered in that court, and tried by a jury.

Secondly, the right of trial by jury exists, since the passing of the act, to the same extent, and in precisely the same description of causes, as it did before. The only difference is in relation to the proceedings preparatory to the trial. An

HARVARD LAW LIBRARY

*Fairfield,*
June,
1823.

Beers
*v.*
Beers.

action demanding a sum in damages between fifteen and thirty-five dollars, must now be brought, in the first instance, before a justice of the peace, whence either party is entitled to remove it, by appeal, to the county court, and have it tried by a jury; whereas, before the passing of the act, it might be brought directly to that court, and tried there, in the same manner. Now, is this Court prepared to say, that every regulation of the proceedings in a cause, by which they are rendered more circuitous or burdensome, is a violation of the right of trial by jury? This effect may be produced, by regulations concerning the writ, service, pleadings or proofs, as well as by a change of jurisdiction. It is very manifest that the constitution has no bearing upon the *mode* of bringing the cause before the triers. This the General Assembly may regulate at pleasure, provided the triers themselves are not changed.

HOSMER, Ch. J. An action of trespass was brought before a justice of the peace, in which the plaintiff demanded thirty dollars damages. To the declaration, the parties joined in a demurrer; and the same having been considered sufficient, judgment was rendered for the plaintiff. The defendant below has instituted a writ of error, and for cause has specially alleged, that the said justice ought not, and could not, by the laws and constitution of the state of *Connecticut*, hold jurisdiction of the aforesaid cause, as he had no right to summon in a jury, and therefore could not legally ascertain the facts in the case before him.

By the 21st section of the bill of rights, making a part of the constitution of this state, it is declared, that " the right of trial by jury shall remain inviolate." At the time when the constitution was adopted, the jurisdiction of a justice of the peace, in actions of trespass, was limited to fifteen dollars; and the law since enacted, extending their jurisdiction to thirty-five dollars, in cases of the above description, but authorizing an appeal to the county court when the sum demanded shall exceed seven dollars, is supposed to be unconstitutional.

I shall waive, as being unnecessary, the consideration of the broad question argued, whether the right of trial by jury would have been violated, had there been no liberty of appeal. I admit, that the trial by jury must continue unimpaired; and shall not now dispute that there can be no en-

largement of a justice's jurisdiction, which shall take from any one the legal power of having his cause heard by a jury, precisely as it might have been, before the constitution was adopted. It is indisputable, that a justice of the peace is empowered to hear all causes personally, and that he cannot try them by a jury. The question, then, is brought to this narrow point; whether the enlargement of a justice's jurisdiction, with the right of appeal, as it existed when the constitution was adopted, is a violation of the above privilege, secured by that instrument. I am clear, that it is not; and that a construction of this nature is equally unwarranted by the words, and by the intention, of the constitution. An instrument remains inviolate, if it is not infringed; and by a violation of the trial by jury, I understand taking it away, prohibiting it, or subjecting it to unreasonable and burdensome regulations, which, if they do not amount to a literal prohibition, are, at least, virtually of that character. It never could be the intention of the constitution to tie up the hands of the legislature, so that no change of jurisdiction could be made, and no regulation, even of the right of trial by jury, could be had. It is sufficient, and within the reasonable intendment of that instrument, if the trial by jury be not impaired, although it may be subjected to new modes, and even rendered more expensive, if the public interest demand such alteration. A law containing arbitrary and unreasonable provisions, made with the intention of annihilating or impairing the trial by jury, would be subject to the same considerations, as if the object had been openly and directly pursued. But, on the other hand, every reasonable regulation, made by those who value this *palladium* of our rights, and directed to the attainment of the public good, must not be deemed inhibited, because it increases the burden or expense of the litigating parties. Such a degree of morbid sensibility may be excited on this subject, as to generate an opinion, that the legal requisition of a bond, the increase of jurors' fees, and other trivial changes, although imperiously demanded to promote justice, and the general convenience, if they only operate to subject the trial by jury to a burden, not unreasonable, are a violation of the constitution. The tendency to extremes, when an important interest is affected, is not uncommon; and it is not even undesirable, if it only lead to an anxious scrutiny. As the interests of a state, however, do not essentially depend on the

*Fairfield,*
*June,*
1823.

Beers
*v.*
Beers.

HARVARD LAW LIBRARY

*Fairfield,*
*June,*
*1823.*

Beers
*v.*
Beers.

existence of one right only, but on many, it is proper to preserve them generally, and not to sacrifice one important consideration to another equally important.

In conclusion, I am satisfied, that the liberty of appeal in the case under discussion, preserves the right of trial by jury inviolate, within the words and fair intendment of the constitution; and that no such unreasonable hardship is put on the appellant, by the bond required for the prosecution of the appeal, as to justify the assertion, that the right of trial by jury is, in any manner, impaired.

CHAPMAN, BRAINARD and BRISTOL, Js. were of the same opinion.

PETERS, J. at first dissented, but after more mature deliberation, acquiesced in the decision.

Judgment to be affirmed.