# MARYLAND REPORTS.

APRIL TERM, A. D., 1869.

WILLIAM B. GAMBRILL, and others, *vs.* JOSEPH M. PARKER, and others.

*Refusal of the Court below to quash a Summons for a Witness, no ground for Appeal—Practice in the Circuit Courts—No Summons should issue for a Party to testify in his own behalf—Rules of Court —Power of the Circuit Court to pass Rules.*

The refusal of the Court below to grant the motion of the plaintiffs to quash a summons issued by the clerk for a witness to testify for the plaintiffs, is a mere interlocutory proceeding in the progress of the case entirely within the discretion of the Court, and not such a final judgment or determination from which an appeal will lie.

The provisions of the Code in regard to the compulsory attendance of witnesses has no application to a party who is a witness in his own behalf. And no summons should issue in such cases.

The Circuit Courts have the power and authority to prescribe rules for summoning witnesses to the terms at which there are no jury trials.

Although parties are entitled to the benefit of a jury trial, yet they may dispense with a jury and have their cases, of every description, tried without, at any term of the Court, as in other cases not requiring a jury.

1                     v. 31

Gambrill, *et al. vs.* Parker, *et al.*

The Circuit Courts possess all the necessary powers to carry out and dispose of the business of the Courts, as well at one term as another. And there is no difference in this respect between a jury term and a term intermediate.

APPEAL from the Circuit Court for Prince George's County.

At the April Term, 1868, of the Circuit Court for Prince George's County, this action was pending on the trial docket between the appellants as plaintiffs, and the appellees as defendants. The cause was not tried at that term, but was regularly continued. The clerk of the Court issued a summons, directed to the Sheriff of Baltimore city, commanding him to summon William B. Gambrill, to testify for the plaintiffs in this action, *returnable to the June Term*, 1868, *of said Court*, the said June Term, 1868, being an *intermediate non-jury term*, provided for by the new Constitution.

It does not appear, nor was it alleged, that the said summons was issued at the instance of, or by the order of the plaintiffs or their attorney. The witness appeared in obedience to the summons, and the plaintiffs moved the Court to quash the same for the following reasons:

1st. Because by Article 4, section 21 of the Constitution of the State, no jurors can be summoned for the trial of cases at any intermediate term.

2d. Because the Court have no power under said Article and section of the Constitution, to pass any rule requiring the issuing of summons for witnesses to such term.

3d. Because the following rules of said Court, as amended at the April Term, 1868, of said Court, do not authorize the issuing of any such summons for witnesses.

*First Rule.* There shall be two terms of this Court as at present, to which jurors shall be summoned, to be held on the first Monday in April, and the first Monday in October in each year.

Gambrill, *et al. vs.* Parker, *et al.*

*Second Rule.* There shall be as required by the Constitution, two intermediate terms, to which jurors shall not be summoned, to be held on the third Monday in June, and the third Monday in January in each year.

*Third Rule.* Suits may be brought, and process issued to the said non-jury terms as fully in every respect as to the regular jury terms.

*Fourth Rule.* Suits brought to one term, either jury or non-jury, shall stand *for trial* at the succeeding jury or non-jury term respectively.

4th. Because the Court on the return of *summoned* to such a summons, has no right, under the Constitution or rules aforesaid, to compel the attendance of said witness by attachment or otherwise.

5th. Because the issuing of said summons, and requiring witnesses to attend at an intermediate term, when no jury trial can be had, will inflict great inconvenience and expense to witnesses so summoned.

The Court, without argument, overruled the said reasons and motion, and refused to quash the summons.

From the judgment of the Court overruling this motion, the plaintiffs below appealed.

The cause was argued before BARTOL, C. J., STEWART, GRASON, and ALVEY, J.

*Thomas F. Bowie,* for the appellants:

1st. The issuing of the summons by the clerk, was an *extra official* act, and the summons itself was therefore void.

2d. The third and fourth rules of the Court below, do not warrant or authorize the issuing of summonses for *witnesses* to attend at non-jury terms.

3d. If those rules are capable of such a construction, they are repugnant to the true intent of Article 4, section 21, of the Constitution of the State, and are themselves void.

4th. An appeal properly lies in this cause from the refusal to quash the summons *per se*, and the appellants were not bound to wait until the rendition of the judgment on the final trial of the cause.

On the fourth point he cited *Ringgold's Case*, 1 *Bland*, 5; *Thompson vs. McKeen*, 6 *H. & J.*, 302; *Code of Public General Laws*, Art. 5, sec. 3; *Queen vs. The State*, 5 *H. & J.*, 232; *Hall vs. The State*, 12 *G. & J.*, 329; *Bruce vs. Cook*, 6 *G. & J.*, 345; *Negroes, Bell, and Others vs. Jones*, 10 *Md.*, 322; *Baltimore and Havre de Grace Turnpike Co. vs. The Northern Central R. R. Co.*, 15 *Md.*, 193; *Swann vs. Mayor and City Council of Cumberland*, 8 *Gill*, 152; *Waters vs. Duvall*, 6 *G. & J.*, 76; *Boyle vs. Robinson*, 7 *H. & J.*, 200.

No counsel appeared for the appellees.

STEWART, J., delivered the opinion of the Court.

The refusal of the Court below to grant the motion of the appellants to quash the summons issued by the clerk for William B. Gambrill, a witness, to testify for the plaintiffs, was a mere interlocutory proceeding in the progress of the case, entirely within the discretion of the Court, and certainly not such final judgment, or determination, from which an appeal will lie to this court.

The appeal, therefore, must be dismissed.

As the record, however, has been brought before us for the purpose of obtaining the judgment of this Court' upon the questions presented, some of which are of practical importance, and have been elaborately argued by the counsel for the appellants, we will take occasion to express, briefly, our views in regard thereto.

If the witness, William B. Gambrill, summoned to testify for the plaintiffs, was one of the plaintiffs, we do not perceive how the appellants could, in any manner, be injured by the refusal of the Court to grant the motion.

But if he were a party plaintiff, no summons for him to testify for himself ought to have issued, because, when a party proposes to testify in his own behalf, under the provisions of the Act of 1864, ch. 109, it is his duty to attend, without any subpœna.

No summons should issue in such case. The provision of the Code, in regard to the compulsory attendance of witnesses, has no application to a party who is a witness in his own behalf.

If the witness were not a party, the plaintiffs still had full power to discharge him, without invoking the aid of the Court.

We have no doubt of the power and authority of the Court below, under the Constitution and laws of the State, to prescribe the rules referred to in the motion to quash.

The 29th Article, 1st section of the Code, authorizes the Courts of Law and Equity to make such rules and orders, for the regulation of their courts, and the officers and suitors thereof, as they shall think fit.

The 21st section of 4th Article of the Constitution provides for the holding of four terms of the Circuit Courts in each county, two of them with juries, and two terms without juries ; and the respective judges are authorized to alter or fix the times for holding any and all terms, until otherwise prescribed, and to adopt rules, to the end that all business, not requiring the interposition of a jury, shall be, as far as practicable, disposed of at the intermediate terms, when the jury is not in attendance. This, undoubtedly was, amongst other considerations, to reduce the expenses of the Courts.

Under the 4th Article, 8th section of the Constitution, the parties to any cause may submit the same to the Court for determination, without the aid of a jury.

Although parties are entitled to the benefit of a jury trial, which is amply provided for, yet they may dispense

Gambrill, *et al. vs.* Parker, *et al.*

with a jury, and have their cases of every description tried without, at any term of the Court, as in other cases not requiring a jury.

The Courts possess all the necessary power to carry on and dispose of the business of the Court, as well at one term as another, and there is no difference in this respect between a jury term and a term intermediate.

In cases where a jury trial is demanded, and to which the party has a right, and there is no agreement to submit the case to the Court, such case must, of course, be disposed of at a jury term.

But the Court, not knowing, in advance, what may be the determination of parties having cases, entitling them to a jury, as the forum before which they will try them, may make rules regulating the matter; or, in the absence of special rules, may apply their general rules, as to the order of the business of the Court, and the issuing of process to any of the terms, without affecting the right of parties to a jury trial.

The Circuit Court of Prince George's County has, by the first and second rules, fixed the first terms of the Court for that county, and, by the third rule, provided for the transaction of the business of the Court at the terms indiscriminately, with or without a jury, which they clearly had the power and authority to do.

*Appeal dismissed.*

(Decided 10th June, 1869.)