## CHAPPELL CHEMICAL AND FERTILIZER COMPANY *v.* SULPHUR MINES COMPANY (No. 3).

ERROR TO THE COURT OF APPEALS OF THE STATE OF MARYLAND.

Argued December 16, 1898. — Decided January 9, 1899.

The claim made in the court below that the provision in the constitution of Maryland which abridged the right of trial by jury in the courts of the city of Baltimore without making a similar provision for the counties of the State denied to litigants of the city the equal protection of the laws, is not tenable.

The record does not contain the petition for the removal of this case from the state court to the Circuit Court of the United States, nor disclose the grounds on which it was founded, and this court does not pass upon the question whether the state court lost jurisdiction by reason of it.

THIS cause was argued with Nos. 91 and 92, preceding it. The case is stated in the opinion.

*Mr. Thomas C. Chappell* for plaintiff in error.

*Mr. James M. Ambler* and *Mr. Randolph Barton* for defendant in error. *Mr. Skipwith Wilmer* and *Mr. Randolph Barton, Jr.,* were on their brief.

MR. JUSTICE MCKENNA delivered the opinion of the court.

This is an action at law brought by plaintiff in error against defendant in error and another, for causes growing out of the matters sued on in No. 92. Here, as in No. 92, there was a series of motions which we do not think it is necessary to notice.

The case, on the appeal of plaintiff in error, reached and was passed on by the Court of Appeals of the State, and to its judgment affirming that of the lower court this writ of error is directed.

The judgment must be affirmed.

Claims under the Constitution of the United States were set

up in several of the motions, and denied by the court. One claim was that the constitution of Maryland abridged the right of trial by jury in the courts of Baltimore city without making a similar provision for the counties of the State, and that this denies to litigants of the city the equal protection of the laws. This is not tenable. *Missouri* v. *Lewis*, 101 U. S. 22; *Hayes* v. *Missouri*, 120 U. S. 68.

The other claim was that the state courts lost jurisdiction by reason of the pendency of a petition filed under section 641, Revised Statutes, to remove the case to the United States Circuit Court. The petition for removal is not in the record, and we only know that it was filed by reason of the recital in other motions and its notice in the opinion of the Court of Appeals, and the grounds of it do not appear in any part of the record.

In all other matters the judgment of the Court of Appeals depends on questions of state practice and state laws.

*Judgment affirmed.*