# THE TITLE GUARANTEE AND TRUST COMPANY *vs.* R. N. McCULLOH ET AL.

*Judgment on Former Appeal Conclusive on Remand of Cause—Res Judicata Pro Veritate Accipitur—Opinion of Trial Court to be Inserted in Record on Appeal.*

Upon a former appeal, it was adjudged that certain lien claims were entitled to payment in the distribution of a fund in Court, and that exceptions filed to certain other lien claims was so insufficient in form as not to be entitled to consideration, and the cause was remanded to the end that a new account should be stated in accordance with that adjudication. *Held*, that the validity of those other lien claims cannot be attacked by new exceptions filed to the second distribution account stated in accordance with the opinion of the Court of Appeals, since the question relating to those claims is *res judicata*.

Although the Judges of the equity Courts in Baltimore City are not required by statute to file written opinions in the causes decided by them, yet, when they do so, the opinions should be inserted in the record when an appeal is taken.

*Decided April 1st, 1908.*

Appeal from the Circuit Court No. 2, of Baltimore City (GORTER, J.)

The cause was argued before BOYD, C. J., BRISCOE, PEARCB, SCHMUCKER, BURKE, THOMAS and WORTHINGTON, JJ.

*Henry C. Kennard* and *Joseph P. Merryman* (with whom was *C. Alex. Fairbank, Jr.*, on the brief), for the appellant.

*Arthur Herzog* and *Allan Cleaveland*, for the appellees.

BOYD, C. J., delivered the opinion of the Court.

This is an appeal by the Title Guarantee and Trust Company from an order dismissing the exceptions of that company to an audit designated Account "A," and sustaining the exceptions of the appellees to what is known as Account "B." In Account A the auditor allowed the mechanics' lien claims of Clarence E. Jones and R. N. McCulloh, trading as R. N. McCulloh & Co., respectively, while in Account B, which was stated at the instance of the appellant, he disallowed both of those claims and distributed the fund to the appellant, mortgagee.     The solicitors for the appellant very ably presented a number of interesting points concerning the validity, *vel non*, of those lien claims, but at the threshold of the case we are met with a question, which in our judgment, must dispose of the appeal—that the claims of both of the appellees were finally adjudicated by the decision of this Court in *Title Co.* v. *Burdette*, 104 Md. 666.

Harry C. Barnes filed a bill in equity against the Independent Methodist Church of the Nazarenes, of Baltimore City, to enforce a mechanics' lien for work done by him on the church.    It was filed on his behalf "and also for such other persons interested herein who may contribute thereto."    An answer was filed admitting all the facts and consenting to a decree, and the same day a decree was passed.    Shortly afterwards Barnes assigned his claim to Charles B. Burdette. After some proceedings by the present appellant, a co-trustee was appointed with Mr. Merryman who was the original trustee named in the decree.    The property was sold and the sale ratified.    Upon application of the trustees an order was passed directing them to give notice to all persons having claims against the church to file them, properly authenticated, with the Clerk of Circuit Court No. 2, of Baltimore City, on or before May 5th, 1906.    On petition of the plaintiff an order was passed allowing Mr. Merryman a fee of $250, subject to the usual exceptions, on the theory, as stated in the petition, that the bill was filed on behalf of the plaintiff and other creditors. On April 28th an account was stated allowing the trustees

commissions, costs and expenditures and the fee of Mr. Merryman, reserving the balance of the proceeds of sale for distribution. That audit was ratified on May 12th, except as to the allowance of the fee, which was not then acted on. On May 3rd these appellees filed a petition alleging that they were the only mechanics' lienors and as such were preferred creditors of the church, at the same time denying and excepting to any lien claim that Barnes claimed to have and asking to be made parties defendants, which was done by an order of the Court of the same date. They filed with their petition certified copies of their respective lien claims. This appellant filed exceptions to the allowance of Mr. Merryman's fee and also a statement of its mortgage claim. Another audit was filed which, after allowing certain additional costs, distributed the funds to the claims of Jones, McCulloh and Burdette, assignee of Barnes, in full, with interest, and the remainder to the appellant—the latter only getting $400.88 out of a claim of $2,322. The appellant filed exceptions to the claims of Burdette, assignee, Jones and McCulloh, assigning as reasons therefor. "First: That the said lien claim is invalid in law and of no effect or force. Second: For other reasons to be assigned at the hearing of these exceptions." Separate exceptions were filed against each of those three claims but the reasons given in each were stated in the language above quoted.

On the same day Burdette, assignee of Barnes, filed a motion to dismiss the exceptions to the last audit for the reason "First. Because the validity of said claim has already been finally adjudicated in this cause. Second. That said exceptant is estopped from raising the said objection to said claim," and on the next day he made a motion to have "the cause placed on the Trial Calendar for hearing on exceptions to auditor's distribution account in conformity with the First Equity Rule." On June 11th McCulloh and Jones each filed a petition to dismiss the exceptions to the allowance to their claims. On that day the Court passed an order overruling and dismissing the exceptions of the appellant to Auditor's Account No. 1

(which allowed the fee of Mr. Merryman), ratified that account and also granted a motion of Burdette, assignee, to dismiss the exceptions of the appellant to his claim in Auditor's Account No. 2, and finally ratified and confirmed said account, as to said claim. On the same day the Court also passed orders dismissing the exceptions of the appellant to the allowance of the respective claims of McCulloh and Jones, and on June 15th Account No. 2 was ratified.

On June 18th this appellant entered an appeal from the several orders passed June 11th and June 15th, dismissing the exceptions to the fee of Mr. Merryman and ratifying that account, and "also sustaining the several motions filed respectively by Charles B. Burdette, R. N. McCulloh and Clarence E. Jones, to dismiss the objections filed by the Title Guarantee and Trust Company to the second auditor's account and dismissing the said exceptions; also finally ratifying the second auditor's account filed in this cause." Those were the appeals brought to this Court which we heard and determined as reported in 104 Md. 666, and it will be observed that they included the claims of Jones and McCulloh, as well as that of Burdette.

In the appellant's brief in the first case (104 Md.), after reciting the facts, the fee of Mr. Merryman was first considered, then the lien claim of Burdette, assignee of Barnes, at some length, and then the claim of McCulloh and Jones. Counsel for the latter appeared and a brief was filed on their behalf. This Court, through JUDGE PEARCE, after holding that the fee of Mr. Merryman could not be allowed, and not deeming it necessary to determine whether the effect of the decree for sale, passed upon the claim of Burdette, was to establish conclusively both the validity and amount of that claim, held that by its course of conduct the appellant was estopped from questioning its validity. The opinion went on to say that Jones and McCulloh were not estopped, but that they had taken no steps, after intervening by petition and being made parties, to support their attack upon the claim of Burdette. JUDGE PEARCE said, "It being admitted as correct

by the answer of the Church, such admission, for the pur-
poses of the decree, was equivalent at least to primary proof.
*Strike's case*, r Bland, p. 70.    Assuming *ex gratia argumenti*,
that this was only primary proof, they should have asked
leave to take testimony, as they had ample opportunity to do,
to sustain their attack upon plaintiff's claim, *before audit was
made.*    Primary proof stands in the place of full proof until full
proof has been rendered."

But the opinion then went on to say, "Moreover, apart from
the ground just considered, the exceptions of the appellant
were insufficient in form and in substance, and were *entitled to
no consideration.*"    As we have seen, the same language was
used in the exceptions, to each of the three claims.    Then
after citing authorities on the last mentioned point, the opinion
concluded: "For the reasons we have given, the orders ap-
pealed from must be reversed, and the cause be remanded
that a new account may be stated, disallowing any counsel
fee to Mr. Merryman, and distributing the net proceeds of
sale in accordance with the views herein expressed."    The
only error the Court found was the allowance of Mr. Merry-
man's fee.    It was not only not held that there was any error in
allowing the claims of Burdette, Jones or McCulloh, but the
contrary was decided.    Some of the grounds considered were
only applicable to the Burdette claim, but the one in reference
to the form of the exceptions was applicable to each of the
three claims.    It could not be pretended that objections to
the Burdette claim were left open for further controversy, and
upon what principle can either of the others be considered left
open, by this Court when that was not?    The cause was re-
manded to have a new account stated "distributing the net
proceeds of sale *in accordance with the views herein expressed.*"
The views herein expressed were that there was no error in
the orders appealed from excepting as to the fee, but inas-
much as that sum had to be distributed, and therefore required
a new account, it was deemed proper to open up the account
distributing the proceeds for the purpose of including the
amount of the Merryman fee, but for no other purpose.    It

might perhaps have been as well to let account No. 2 stand, and simply direct the distribution of the $250, but we did not intend, and do not find anything in the opinion to authorize such conclusion, that either of the three claims were to be open for further controversy.

If the Court had thought it proper to authorize further testimony to be taken, it would have so directed, but when the appellant had filed exceptions in a form that were not only contrary to the established practice in this State, but such as caused the Court to say they "were entitled to no consideration," it would not have felt justified, even if application had been made, to remand the case for the purpose of allowing new exceptions and permitting testimony to be taken in support of them. The new exceptions which have been filed were filed after the audit had been stated in accordance with the views expressed in the former opinion, and neither the auditor nor the lower Court would have been justified in having the audit stated in any other way.

It is not necessary to prolong this opinion by discussing the authorities cited, as we assume it will not be denied that when this Court has once adjudicated claims it cannot afterwards properly entertain an attack upon the same claims, unless it has granted a motion for re-argument or in some way opened the controversy. The contention of the appellant is that these two claims were not adjudicated in the former appeal, but in that we cannot concur.

Objection has been made to the appellees' having the opinion of the Judge who decided the case below inserted in the record, but while the statute requiring Courts of equity to file written opinions (Art. 16, sec. 168) does not apply to Baltimore City, we know of no reason why the Judges of the Circuit Court of that city cannot do so, if they deem it proper. When they do, they should be inserted in the record or in some way be brought before us, as oftentimes they are very helpful in this Court, when we are called upon to review their decrees. As we concur with the conclusion reached by the learned Judge below, the order appealed from will be affirmed.

*Order affirmed, the appellant to pay the costs.*