**John ZAKOSCIELNY**

v.

**WATERMAN STEAMSHIP CORP.**

**No. 7003.**

United States District Court
D. Maryland, Civil Division.

Nov. 26, 1954.

Howard Calvert Bregel and Calvert Ross Bregel, Baltimore, for plaintiff.

Ober, Grimes, & Stinson (Randall C. Coleman, Jr.), Baltimore, Md., for defendant.

CHESNUT, District Judge.

This case was originally filed in the Court of Common Pleas of Baltimore City in November 1953. The declaration sought to recover damages for personal injuries alleged to have been caused by the negligence of the defendant. It was purely a common law suit. Upon filing the declaration the plaintiff included a written election to have the case tried before a jury in accordance with the applicable rules of the State Court. The defendant appeared and filed a general issue plea that it did not commit the wrongs alleged. On November 21, 1953 the case was duly removed to this federal court on the ground of diversity of citizenship. In accordance with the prevailing practice in the Clerk's office of this court the case was placed upon the jury calendar because in the pleadings in the State Court the plaintiff had prayed a jury trial. When the case was called for trial here on November 17, 1954 the defendant made a motion to strike the case from the jury calendar on the ground that the plaintiff, after removal of the case to this court, had not prayed for a jury trial in accordance with rule 81(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A., in connection with rule 38 (b). Rule 38 provides that the right of trial by jury as declared by the 7th Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate and that any party may demand a trial by jury by serving upon the other parties a demand therefor in writing at any time not later than ten days after the service of the last pleading; and that failure to make the demand "constitutes a waiver by him of trial by jury"; but rule 39(b) further provides that upon the failure of a party to demand a jury trial "the court in its discretion upon motion may order a trial by a jury of any or all issues."

After hearing oral argument of the defendant's motion I overruled it and will now briefly state my reasons therefor.

The defendant's contention to strike the jury trial is based principally upon rule 81(c) relating to procedure in the federal court on "removed actions" which, as originally adopted in 1938 provided in part

"If at the time of removal all necessary pleadings have been filed, a party entitled to trial by jury under Rule 38 *and who has not already waived his right to such trial* shall be accorded it, if his demand therefor is served within 10 days after the record of the action is filed in the District Court of the United States." (Italics supplied.)

In 1948 this sentence was amended by eliminating the underscored phrase "and he has not already waived his right to such trial".

Although it has heretofore been the practice of the Clerk to place a suit of this character on the jury calendar where a jury trial had been prayed in the State Court, this action of the Clerk was not due to any prior ruling of a judge of this court and the present case is the first time that the particular point has been presented for decision.

In considering the question it is well to bear in mind the historical background for the enactment of rules of court requiring affirmative action of a party to demand a jury trial if it is desired, and that failure to demand it will be regarded as a waiver of a jury trial. The right to a jury trial in common law actions (as distinct from cases in equity and admiralty) was a distinctive feature of common law procedure and was a much prized right of litigants at the time of the adoption of the Federal Constitution which, in the 7th Amendment, provided that the right to trial by jury in common law actions in cases involving $20 shall be preserved and no fact tried by a jury shall be otherwise re-examined in any court of the United States than according to the rules of the common law. Similar provisions are to be found in probably all the State Constitutions. While jury trials in civil cases could be voluntarily waived by the parties entitled thereto by affirmative action even before the adoption of the rules of court of the nature above referred to, it was not permissible for a defendant to waive a jury trial in criminal cases in the federal court until in 1930 the Supreme Court held in the case of Patton v. United States, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854, that it could be done where both the defendant and counsel for the United States affirmatively agreed to a waiver and upon the sanction of the court. However, in Maryland even in criminal cases it was permissible from very early times for the defendant to affirmatively elect to be tried by the court without a jury and this right was later confirmed by statute. See Maryland Code of 1951, Art. 27 § 678, and Rose v. State, 177 Md. 577, 10 A.2d 617; Gall v. Brady, Warden, D.C.Md.1941, 39 F.Supp. 504, 507. When the Supreme Court approved the Federal Rules of Civil Procedure, care was taken in Rule 38 to preserve the right of trial by jury in civil cases if it was demanded by any of the parties to the case within the time provided by the rules. See also proceedings of the Institute of Federal Rules held at Cleveland, Ohio, in July 1938, published by the American Bar Association Institute, pp. 200 et seq., and 301, 308 et seq.

The movement for facilitating and increasing trials by the court without a jury in civil cases seems to have begun in several States about 1900. See 45 Yale Law Journal, 1022. In Maryland the first statutory enactment upon the subject was a constitutional amendment submitted by the Legislature in 1892, ch. 313, and subsequently ratified, which now appears as Article 4, section 39 of the Constitution of 1867, reading

" * * * and the General Assembly may provide by Laws, or the Supreme Bench (of Baltimore City) by its rules for requiring causes in any of the Courts of Baltimore City to be tried before the court without a jury, unless the litigants or some one of them shall within such reasonable time or times as may be prescribed, elect to have their causes tried before a jury."

Appropriate rules to this effect were shortly thereafter adopted by the Supreme Bench of Baltimore City and have long been in effect. These rules have been held free from constitutional objection. Chappell Chemical & Fertilizer Co. v. Sulphur Mines Co. of Virginia, 85 Md. 681, 36 A. 121 and 85 Md. 684, 36 A. 712, affirmed 172 U.S. 474, 19 S.Ct. 268, 43 L.Ed. 520; Wright v. State, 189 Md. 218, 226, 55 A.2d 849.

Resorting to personal recollection rather than to particular statistics, the move-

ment in Baltimore City for such rules of court came at a time when there was a comparatively new congestion of cases on the court dockets and when the number of Judges of the Supreme Bench was much smaller than now. And it should be remembered that in the 90's there had been an increase in the number of negligence cases by reason, in part, of the then recent electrification of the street railways and probably an increase in the number of industrial accidents, before the passage of the Maryland Workmen's Compensation Act.

Coming now particularly to the precise point presented for decision, the question is whether the failure of the plaintiff to affirmatively demand a jury trial in this case removed from a State Court after he had duly demanded it in the State Court, constituted a waiver of his right to a jury trial. In support of the contention that it did, counsel for the defendant relies upon the wording of Rule 81(c) of the F.R.C.P. above quoted. In my opinion the rule is not properly to be construed to that effect. The subject matter of the rule relates to procedure in this federal court after the case has been removed from the State Court and deals more particularly with the requirements for conforming pleadings here to the federal rules when necessary by reason of the inadequacy of the previous pleadings in the State Court. The particular sentence of Rule 81(c) relied on by the defendant was, I think, intended to have application to a situation where a jury trial had not been demanded in the State Court, and to make it clear in that event either party to the case here should have the right to demand a jury trial. In this connection, as already noted, Rule 81(c) as first adopted in 1938 limited the right to demand a jury trial in this court after the case had been removed to situations in which the parties had not previously waived the right to a jury trial in the State Court. By the amendment of the rule adopted in 1948 the phrase in the original rule containing this limitation was eliminated; and the apparent purpose for its deletion appears to have been

the intention to make it clear that even if a jury trial had been waived in the proceedings in the State Court, nevertheless after removal to this court, any party entitled thereto would be entitled to demand a jury trial within ten days after the record from the State Court had been filed in the District Court of the United States. See the discussion of the subject in Moore's Federal Practice, Vol. 5, pp. 321, et seq. Possibly the change was thought desirable, if not necessary, in deference to the requirement of the 7th Amendment.

So far I have been discussing the matter on principle rather than on contemporary adjudicated cases. The principle that is involved seems to me to be that while non-jury trials in civil cases may be desirable to promote expedition and minimizing expense, nevertheless constitutional requirements with respect to jury trials are of such commanding importance that waivers of the right of jury trial should not be lightly implied but only where there has been a clear failure of a party to demand it. In the instant case the plaintiff did clearly make the demand for a jury trial in the State Court and that fact appeared in the record transferred here from the State Court. Counsel for the plaintiff evidently relied upon the demand made in the State Court as entitling the plaintiff to a jury trial, and it was not until the case was actually called for trial here some months later that counsel for the defendant made his motion to strike the case from the jury calendar, where it had been placed by the Clerk of the Court in accordance with prior practice. Under these circumstances even if there was clearly judicial authority to show a valid waiver of demand for jury trial by the plaintiff I would think the case a quite appropriate one for the exercise of my judicial discretion in ordering a jury trial even if it had not been demanded by the plaintiff in this court and where he had demanded it in the State Court. See Petsel v. Riley, 8 Cir., 192 F.2d 954.

Counsel for the defendant in support of his contention has cited a number of

**318**

comparatively recent federal decisions which, upon examination, I find are quite distinguishable from the instant case for various reasons, with the sole exception of Nelson v. American National Bank & Trust Co., D.C.E.D.S.D.Tenn., 1950, 9 F.R.D. 680, opinion by Judge Darr, which does clearly support his contention, and in effect holds that despite the demand for a jury trial filed in the State Court the party wishing a jury trial in the federal court after removal of the case from the state to the federal court must in addition to the demand in the State Court affirmatively demand a jury trial in the federal court under Rules 81 (c) and 38. However, I note that the majority of recent federal decisions is directly to the contrary, there having been three cases to that effect in the Eastern District of Tennessee by District Judge Taylor. Angel v. McLellan Stores Co., D.C.1939, 27 F.Supp. 893; Wardrep v. New York Life Ins. Co., D.C.1940, 1 F.R.D. 175; Talley v. American Bakeries Co., D.C.1954, 15 F.R.D. 391.

For the reasons herein stated I have overruled the defendant's motion to strike the case from the jury calendar.