## HOUSTON, ET UX. *v.* LLOYD'S CONSUMER ACCEPTANCE CORPORATION

[No. 13, September Term, 1965.]

*Decided December 17, 1965.*

The cause was argued before Prescott, C. J. and Hammond, Horney, Oppenheimer and McWilliams, JJ.

*Richard D. Rosenthal,* with whom were *Dorf, Pollack & Cahn* on the brief, for appellants.

*James A. Ostendorf,* with whom was *Harry M. Sachs, Jr.,* on the brief, for appellee.

McWilliams, J., delivered the opinion of the Court.

Availing themselves of the provisions of Maryland Rule 826 g [1] the parties hereto signed and filed with the clerk of the lower court the following:

---

[1] "When the questions presented by an appeal can be determined by this Court without an examination of all the pleadings and evidence, the parties with the approval of the lower court may prepare and sign a statement of the case showing how the questions arose and were decided, and setting forth so much only of the facts alleged and proved, or sought to be proved, as is essential to a decision of such questions by this Court. Such statement, when filed with the clerk of the lower court shall be treated as superseding, for the purposes of the appeal, all parts of the

"Lloyd's Consumer Acceptance Corporation, Plaintiff, and Reed Houston and Catherine Houston, Defendants stipulate and agree under the provisions of Rule 826 g that the following is a statement of the case in lieu of pleadings and evidence: The Plaintiff brought its action in the Circuit Court for Baltimore County in assumpsit on July 14, 1964, and the Defendants filed a General Issue Plea and a Special Plea to the August Rule Day. Thereafter a Demurrer to the First Special Plea and Demand for Particulars to the Second Plea were filed.

"The mesne proceedings between the filing of the Plea and the Motion of the Defendants to place the cause on the jury trial docket filed on the 17th day of February, 1965, are not germane to the appeal.

"On February 17, 1965, the Defendants filed a motion to transfer the cause from the non-jury trial docket to the jury trial docket and set forth as their reasons the fact that neither of the parties to the cause had waived their respective rights to a jury trial and that a waiver of both parties is required under the Maryland Constitution and the parties are entitled to a trial by jury without formal application.

"The Plaintiff responded to the Motion and stated as the grounds for their resistance thereto Rule 8 of the Circuit Court for Baltimore County the pertinent provisions of which provide:

" '(1) All civil cases standing for trial in the Circuit Court for Baltimore County shall be tried before the Court without a jury unless an election in writing, for a trial by jury separate and distinct from the pleadings, be filed, in person or by attorney, as hereinafter provided.

" '(2) As to plaintiffs, such election shall be made by the plaintiffs, or any of them, not later than fif-

record other than the judgment from which the appeal is taken and any opinion of the lower court, and, together with such judgment and opinion, shall be certified to this Court as the record on appeal."

teen days after the filing of the declaration. In all cases where a plaintiff or plaintiffs shall be brought in by amendment, any such new plaintiff shall so elect within five days after being made a party.

" '(3) As to the defendants, such election shall be made by the defendants, or any of them, at or before the time of first filing a plea, but in no event, after the time allowed by law or Rules of Court to plead.'

\* \* \*

" '(7) So soon as it is ascertained that a cause will not be tried before a jury, the clerk shall note that fact in red on the general trial docket, and when such case has been placed on the special trial docket, it shall be placed under a separate heading entitled "Non Jury Cases".'

"The Court below (John Grason Turnbull, J.) on February 17, 1965, denied the Motion and it is from the Order so doing that this appeal is taken.

"The sole question presented by this appeal is 'Does a rule of a Circuit Court, at law, requiring an affirmative written election for a jury trial violate Article XV, section 6 of the Maryland Constitution?' "

Judge Turnbull did not state the grounds for his decision nor does it appear that either party filed a motion requiring him to do so. Maryland Rule 18 c. We have observed on a number of occasions [2] that it might be helpful for us to know how or why the trial court reached his (or her) decision. Counsel ought not to be timid in making use of this rule nor should trial judges be annoyed with counsel for doing so, for, it will be recalled, the rule [18 c] itself is a relaxation of the former practice which

---

**2.** *E. g., Aviation Ins. Co. v. Barclay,* 237 Md. 318, 206 A. 2d 119 (1965); *Sullivan v. Sullivan,* 234 Md. 67, 197 A. 2d 910 (1964); *Alvey v. Alvey,* 225 Md. 386, 171 A. 2d 92 (1961); *Alvey v. Alvey,* 220 Md. 571, 155 A. 2d 491 (1959); *Balto. County v. Glendale Corp.,* 219 Md. 465, 150 A. 2d 433 (1959). See *Weaver v. King, Adm.,* 184 Md. 283, 40 A. 2d 511 (1945); *Title Co. v. McCulloh,* 108 Md. 48, 69 Atl. 434 (1908).

required the trial judges,[3] in equity cases, to file an opinion in *every* case in which there was oral or written argument. Code Art. 16, § 209 (1951). We are satisfied it would be desirable, in most cases, for such a motion to be filed whenever it becomes clear to counsel that an appeal to this Court will be perfected. However desirable it may have been in this case and whatever may have been Judge Turnbull's reasons, we think his decision must be affirmed.

It is well settled that the right to a jury trial may be subjected to reasonable regulation; indeed, it is generally acknowledged that it can, for all practical purposes, become meaningless to the individual and burdensome to the state unless the exercise of it is regulated to some extent. Virtually all of the busy courts in this country enjoy the benefits of statutes or rules similar to the rule here under attack and seldom has the validity of those statutes or rules been successfully challenged.[4]

Since appellants contend there is an infringement of the constitutional guarantee that the right to a jury trial "shall be in-

---

3. Except in Baltimore City and Prince George's County.

4. Federal Rule 38(b), (d); Code of Alabama, Tit. 7, § 260 (Recompiled 1958); Arizona Rule 38(b), (d); California Code of Civil Proc., § 631.4 (Hanna 1961); Colorado Rule 38(b), (d); Connecticut General Statutes, § 52-215 (1958, supp. 1963); Delaware Superior Court Rule 38(b), (d); D. C. Code, § 11-715 (1961); Florida Rule 2.1(b), (d); Hawaii Rev. Laws, § 231-6 (1955); Illinois Stat. Anno., Ch. 110, § 64 (Smith Hurd 1956, supp. 1964); Iowa Rule 177; K.S.A. 60-238 (1964); Kentucky Rules 38.02 & .04; Anno. Laws of Mass., Ch. 231, § 60 (1956); Michigan Comp. Laws, § 618.12 (1948); Mississippi Code Anno., § 1615 (Recompiled 1957); Nevada Rule 38(b), (d); New Mexico Rule 38; New York Civil Practice Law and Rules, § 4102(a), (c) (Consolidated Law Service 1962); Ohio Rev. Code, § 1913.09 (Anderson 1961 cum. supp.); Oregon Rev. Stat. §§ 46.170, 52.570 (1963); General Laws of Rhode Island, § 9-11-7 (1956); Tennessee Code Anno., §§ 20-1204, 20-1205 (1955); Utah Rule 38(b), (d); Washington JCR 38; Wyoming Rule 38(b), (d). See generally 31 Am. Jur. *Jury,* §§ 40, 59 (1958); 50 C.J.S. *Juries,* §§ 99-105 (1947); Annot. 64 A.L.R. 2d 506 (1959); James, *Right to a Jury Trial in Civil Actions,* 72 Yale L.J. 655 (1963); Jones, *Right to Jury Trial in Ohio Civil Suits,* 12 Clev.-Mar. L. Rev. 347 (1963); James, *Trial by Jury and the New Federal Rules of Procedure,* 45 Yale L.J. 1022 (1936). See also *Singer v. United States,* 380 U. S. 24 (1965).

violably preserved"[5] it becomes necessary to examine the decisions of this Court cited by them in support of this position.

The earliest case cited is *Wright v. Hammer,* 5 Md. 370 (1854). We are, however, unable to discern why it was cited. The Court there was concerned only with the right of removal under the Constitution of 1851 and the Court's opinion is barren of any mention of jury trials. Precisely the same thing is true in respect of *Griffin v. Leslie,* 20 Md. 15 (1863), the next case cited.

Next in chronological order is *Gambrill v. Parker,* 31 Md. 1 (1869), which appellants contend should be persuasive. The appeal was dismissed because the determination of the court below was not final, but this Court, speaking through Judge Stewart, took occasion "to express, briefly, * * * [their] views" in regard to the question presented. Appellants quote him, as follows:

> "In cases where a jury trial is demanded, and to which the party has a right, and there is no agreement to submit the case to the court, such case must, of course, be disposed of at a jury term." *Id* at 6.

The above quotation loses much of its significance, however, at least as far as this case is concerned, if there is added, as we now do, the very next paragraph of Judge Stewart's opinion:

> "But the court, not knowing, in advance, what may be the determination of parties having cases, entitling them to a jury, as [to] the forum before which they will try them, *may make rules regulating the matter; or, in the absence of special rules, may apply their general rules, as to the order of the business of the court,* and the issuing of process to any of the terms, *without affecting the right of parties to a jury trial." Ibid.* (Emphasis supplied.)

*Knickerbocker Ins. Co. v. Hoeske,* 32 Md. 317 (1870) is appellants' next offering. In that case, plaintiff, having obtained

---

5. Maryland Const., Art. XV, § 6. See also Maryland Declaration of Rights, art. 5 and art. 23.

a judgment by default, sought to have his damages assessed before the court, as provided by sec. 9 of the Act of 1864. The court refused defendant's application for a jury trial. Chief Judge Bartol, speaking for the Court, stated:

> "3rd. We think the court below erred in refusing the application of the defendant for 'a trial by jury of the question of the amount of damages to be assessed to the plaintiff.'
>
> "The Act of 1864, sec. 9, provides that 'when any judgment by default shall be entered under the preceding sections, the court may assess the damages on proof thereof without empanelling a jury.' This section must be construed in subordination to the constitutional provision, Art. 15, sec. 6, which declares that 'the right of trial by jury of all issues of fact in civil proceedings, in the several courts of law in this State, where the amount in controversy exceeds the sum of five dollars, shall be inviolably preserved.'
>
> "In the face of this provision, the Act of 1864, sec. 9, cannot be construed so as to deprive the defendant in this case, of the right of having the damages ascertained by a jury. In a proceeding under this Act, where a defendant has not appeared in court and is in default; or having appeared, waives *or fails to ask to have this question referred to a jury,* the court is empowered to assess the damages." *Id* at 326. (Emphasis supplied.)

*Desche v. Gies,* 56 Md. 135 (1881) is an appeal from the Circuit Court of Baltimore County, upon which appellants place much greater reliance than we think is justified. It does appear that Chief Judge Bartol, for the Court, brushed aside the appellants' only contention (that a suggestion and affidavit of removal was fatally defective) and, said:

> "We consider it unnecessary to decide whether this was a valid objection to the suggestion [of removal], or whether the same was sufficient in form; because it appears to us there is, apart from this question, a fatal objection to the judgment rendered by the Circuit Court.

"It does not appear from the record that there was any consent or agreement by the parties to submit the cause to the court for determination without a jury, as authorized by the Constitution, Art. 4, sec. 8.

"Without such consent or agreement, it was not competent for the court to proceed to the trial of the case, and to render judgment therein." *Id* at 137.

We must agree with Judge Bartol that "without such consent and agreement" a court cannot render judgment. However, he did not say, and we have never said, that "such consent and agreement" cannot be reached in a variety of ways and particularly by way of a rule of court such as the one now under consideration which, it should be observed, was not then in force in Baltimore County.

The following quotation from *Lanaham v. Heaver,* 77 Md. 605, 26 Atl. 866 (1893), is offered next by the appellants:

"But we place our conclusion on what we think is the plain meaning of the provision of our own constitution upon this subject—namely, that *the parties to a civil cause must agree thereto before the aid of a jury can be dispensed with.*

"We believe that universal practice of this state is in accord with this construction, for it has never been suggested that either party in a civil case can, without consent of the other, avoid a jury trial." *Id* at 609. (Emphasis supplied by appellants.)

Apart from the fact that the quotation is somewhat out of context we do not see how it helps appellants' cause. The Court did *not* decide the means by which the agreement or consent might be obtained. Indeed, the *only* question before the Court, to use the words of Judge Fowler, who spoke for the Court, was:

"The Constitution, Art. 4, sec. 8, provides that 'the parties to any cause may submit the same to the court for determination without the aid of a jury.' It is apparent, therefore, that under the familiar provision of our Constitution a jury may be dispensed with by

agreement of the parties in civil cases, and the *only* question before us is whether this agreement is binding upon both parties to it, and, if so, how long." *Id* at 608. (Emphasis supplied.)

On 7 November 1893,[6] the voters ratified an amendment to the Constitution (Art. IV, § 39) which provides, in part, as follows:

"* * * [A]nd the General Assembly may provide by laws, or the Supreme Bench by its rules, for requiring causes in any of the Courts of Baltimore City to be tried before the Court without a jury, unless the litigants or some one of them shall within such reasonable time or times as may be prescribed, elect to have their causes tried before a jury. * * *"

The ensuing rule (now known as Rule 545, Rules of Supreme Bench of Baltimore City, effective April 1, 1961) is essentially the same as the rule now under assault by appellants. When the county rule[7] was first adopted we do not know, but very likely it was copied, almost verbatim, from the city rule which came under the consideration of this Court, somewhat obliquely it is true, for the first time in *City Pass. Ry. Co. v. Nugent,* 86 Md. 349, 38 Atl. 779 (1897), which is the next case cited by appellants. Although the trial court was reversed only because the plaintiff's prayer for a jury trial did not appear on a "writing separate and distinct from the pleadings," we think Chief Judge McSherry's comment has both juridical and historical relevance:

"The first exception brings up a new question of practice. By sec. 6, Art. 15 of the Constitution, a trial by jury of all issues of fact is guaranteed to every litigant when the sum in controversy exceeds five dollars, though it is competent, under sec. 8, Art. 4, for the parties to a proceeding to waive that right and to sub-

---

6. Proclaimed by the Governor on 24 November 1893.

7. The authority of the Circuit Court to adopt rules of procedure, at the time the rule under attack was adopted, is not questioned by appellants.

mit the cause to the Court for determination without the aid of a jury. It was found in actual practice that these provisions resulted in congesting the dockets of the common law Courts in the city of Baltimore, and accordingly an amendment of the organic law was proposed by the General Assembly during the session of 1892. This amendment was subsequently adopted by the people. * * * This amendment, it will be seen, requires the causes therein referred to, to be tried by the Court unless an election to have a jury trial is made; *and produces precisely the converse of the condition which prevailed prior to its adoption.* Acting under the authority thus conferred upon it, the Supreme Bench adopted a series of rules to put the amendment into effect. * * *" *Id* at 360-61. (Emphasis supplied.)

Appellants indicate that the language above italicized clinches their theory of the case. They offer as sufficient proof of the major premise of their syllogism the simple fact that the proponents of the city rule sought and obtained the constitutional amendment. We think this less a recognition of their concern for proper constitutional auspices than a clear indication of their understandable desire for a simple, practical and *foolproof* method of expediting the work of the trial courts. Surely the very fact of the amendment precluded much of the litigation the rule would otherwise have engendered but we do not agree that it was necessary to the validity of the rule, and we so hold. We should like to add, however, that we are not unmindful of the references made by Markell, J. in *Wright v. State,* 189 Md. 218, 226, 55 A. 2d 849 (1947) and Brune, C. J. in *Master Royalties v. Balto. City,* 235 Md. 74, 96, 200 A. 2d 652 (1964), to the purely sequential nature of the relationship between the amendment and the (city) rule, and that we do not think their comments are inconsistent with the result reached in this case.

Appellants also cite *Condon v. Gore,* 89 Md. 230, 42 Atl. 900 (1899) and *LaGuardia v. State,* 190 Md. 450, 58 A. 2d 913 (1948). *Condon* is authority only for the proposition that the election of a jury trial under the Supreme Bench rule must

be made within the 15 days after the filing of the *original* declaration and that an election accompanying an amended declaration, for the first time, is too late. We have been unable to discover in what respect *LaGuardia* is relevant to the issue before us. So much for the authorities offered by appellants.

In *Knee v. City Pass. Ry. Co.,* 87 Md. 623, 40 Atl. 890 (1898), cited by the appellee, the appellant [Knee], who had been awarded a new trial in an earlier appeal,[8] complained of an order of the trial court staying all further proceedings until the costs of the first trial and the appeal, $139.75, should be paid. He contended that the statute empowering the court to pass such an order infringed the constitutional guarantee of the right of trial by jury and as well art. 19 of the Declaration of Rights which declares that every man "ought to have justice and right, freely, without sale * * *"

Judge Pearce, for the Court, in an opinion, both learned and lengthy, which, it will be noted, made no mention of the recently ratified amendment to the Constitution (Art. IV, § 39), affirmed the lower court, and then went on to say:

> "The first mention in the fundamental law of the State, of the right to trial by jury, is in Art. 5 of the Declaration of Rights, which says: 'The inhabitants of Maryland are entitled to the common law of England, and the trial by jury, *according to the course of that law.*' Language of similar import, is found in the Constitution of each of the United States, and the authorities are therefore naturally uniform to the effect, that it is the historical trial by jury, as it existed when the Constitution of the State was first adopted, to which the inhabitants of each State are entitled; and whatever the nature of regulations, or restrictions, of that right existed in practice at that day, it has ever since been lawful to maintain, *and now is lawful to establish.*" (Second emphasis supplied.)
>
> * * *
>
> "In deciding the case in 7 Md. [*Steuart v. Mayor and City Council,* 7 Md. 500], JUDGE ECCLESTON

---

8. *City Pass. Ry. Co. v. Knee,* 83 Md. 77, 34 Atl. 252 (1896).

[sic] cites with approval the case of *Beers v. Beers,* 4 Conn. 535, where a provision of the Constitution guaranteeing right of trial by jury was held not to be violated, by an act giving jurisdiction to justices of the peace, but with an appeal; provided bond be given. In that case, the Chief Justice said: 'No such unreasonable hardship is put on the appellant by the bond required for the prosecution of an appeal, as to justify the assertion that the right of trial by jury is in any manner impaired * * *. It could never be the intention of the Constitution to tie up the hands of the Legislature, so that no regulation even, of the right of trial by jury could be made. It is sufficient and within the reasonable intendment of that instrument, if the trial by jury be not impaired, although it may be subjected to new modes, *and even be rendered more expensive,* if the public interest demand such alteration.' "

\* \* \*

"This common law practice [requiring costs to be paid as a condition precedent to a jury trial], antedating our Constitution and Declaration of Rights, led naturally and almost inevitably as the field of litigation widened to the enactment of statutes, such as that now before us, having for their object *the just regulation of the right of trial by jury.* Such statutes from time to time have been assailed by the independent and aggressive thinkers of the profession, and it is gratifying to note with what sound and wise discrimination, in the main, the Courts have dealt with the subject, *always preserving unimpaired the ultimate historical right as it existed at the time of our separation from the mother country, while sustaining all reasonable regulations of the exercise of that right made in the interest of the general public.* Thus the payment of jury-fees, in States where such payment is required by statute, as a condition to a jury trial, has been very vigorously attacked as affixing an unconstitutional burden to this right, but the decisions have almost uniformly sustained the statutes." *Id* at 624-27. (Emphasis supplied).

It seems to us much less burdensome to require a *timely election* of the right to a jury trial than to require the *payment of money* as a condition precedent to its exercise, and it follows that if the one does not affront the constitutional guarantee then the other surely does not.

We find in Rule 38 of the Federal Rules of Civil Procedure a provision similar to the rule here under consideration, and that this does not violate the Seventh Amendment to the Constitution of the United States is no longer open to question.[9] Indeed, Federal Rule 38, which provides that the right "shall be preserved to the parties inviolate" goes a little further than the Seventh Amendment which says merely that "the right of trial by jury shall be preserved." [10] The late W. Calvin Chesnut [11] provides us with an interesting comment on Federal Rule 38 vis-a-vis the Baltimore City rule:

> "When the Supreme Court approved the Federal Rules of Civil Procedure, care was taken in Rule 38 to preserve the right of trial by jury in civil cases if it was demanded by any of the parties to the case within the time provided by the rules. See also proceedings of the Institute of Federal Rules held at Cleveland, Ohio, in July 1938, published by the American Bar Association Institute, pp. 200 et seq., and 301, 308 et seq.
>
> "The movement for facilitating and increasing trials by the court without a jury in civil cases seems to have begun in several States about 1900. See 45 Yale Law Journal, 1022. In Maryland the first statutory enactment upon the subject was a constitutional amendment submitted by the Legislature in 1892, ch. 313, and subsequently ratified, which now appears as Ar-

---

9. *General Tire & Rubber Company v. Watkins*, 331 F. 2d 192 (4th Cir. 1964), *cert. den.* 377 U. S. 952 (1964); *Wilson v. Corning Glass Works*, 195 F. 2d 825 (9th Cir. 1952); 5 Moore's Federal Practice, Para. 38.43 (2nd Ed. 1964). See *United States v. Moore*, 340 U. S. 616 (1951); *Yakus v. United States*, 321 U. S. 414, 444 (1944).

10. There is no difference between "preserving" a right and holding or keeping it "inviolate." *Schloemer v. Uhlenhopp*, 237 Iowa 279, 21 N. W. 2d 457 (1946).

11. U. S. District Judge (Maryland) 1931 to 1962.

ticle 4, section 39 of the Constitution of 1867, * * *. Appropriate rules to this effect were shortly thereafter adopted by the Supreme Bench of Baltimore City and have long been in effect. * * *

"Resorting to personal recollection rather than to particular statistics, the movement in Baltimore City for such rules of court came at a time when there was a comparatively new congestion of cases on the court dockets and when the number of Judges of the Supreme Bench was much smaller than now. And it should be remembered that in the 90's there had been an increase in the number of negligence cases by reason, in part, of the then recent electrification of the street railways and probably an increase in the number of industrial accidents, before the passage of the Maryland Workmen's Compensation Act." *Zakoscielny v. Waterman Steamship Corp.,* 16 F.R.D. 314, 316-17 (1954).

Upholding a similar rule of the Municipal Court of the District of Columbia, Justice Prettyman, for the United States Court of Appeals, declared:

"* * * [O]bservance of reasonable rules for the conduct of the business of the courts is not a mere technicality but may be part of the major business of preserving the basic rights of people who must come to the courts. The case before us cannot be considered as though there were on the one side a technical rule of court requiring a given action on a given day, and on the other side the fundamental right of trial by jury. *The preservation of the latter may well involve the observance of the former." Kass v. Baskin,* 164 F. 2d 513, 516 (D. C. Cir. 1947). (Emphasis supplied.)

We have already indicated (note 4 *supra*) that there is a massive storehouse of judicial and professional opinion on this subject and, except to indicate that it is all generally in agreement with the result reached here, we shall not prolong this opinion with a review of it.

Rule 39(b) of the Federal Rules of Civil Procedure provides that "notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, this court in its discretion upon motion may order a trial by a jury of any or all issues." The rules of many state courts contain a similar provision. Neither the Baltimore City rule nor the Baltimore County rule vests any such a discretion in the trial judge. We mention this only to observe, that, however desirable other jurisdictions may have found such discretionary provisions to be, in our opinion, the absence of such a provision in the rule under consideration generates no perceptible effect upon the single issue here presented.

For the reasons set forth the order of the trial judge will be affirmed.

*Order affirmed, costs to be paid by the appellants.*