Desche and Benlein *vs.* Gies.

</div>

(Decided 18th March, 1881.)

ANDREW DESCHE and FRANK BENLEIN *vs.* JOHN GIES.

*Art. 4, sec. 8, of the State Constitution—Effect of failure to show in the Record that a Trial before the Court, was by Consent of both parties—Form of suggestion for removal of causes.*

Without the consent or agreement of both parties, a cause cannot be tried before the Court without a jury, under Art. 4, sec. 8, of the Constitution.

Where on appeal it does not appear by the record that there was any such consent or agreement, this will be a fatal objection to the judgment appealed from.

A suggestion for a removal under Art. 4, sec. 8, of the Constitution, instead of suggesting that "the parties cannot have a fair and

impartial trial," &c.; stated that "the parties *believe* they cannot have a fair and impartial trial," &c.   HELD:

(Without deciding as to the sufficiency of the form of the suggestion.)   That it is better that the terms prescribed by the Constitution be complied with.

APPEAL from the Circuit Court for Baltimore County.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., MILLER, ALVEY, ROBINSON and IRVING, J.

*George Hawkins Williams*, for the appellants.

*William S. Keech*, for the appellee.

BARTOL, C. J., delivered the opinion of the Court.

An action for assault and battery was instituted by the appellee against the appellants, in the Circuit Court for Baltimore County, on the 22nd day of January 1880. The *narr.* was filed on the same day, and the defendants were returned " summoned." On the 8th day of March ensuing, the defendant Desche appeared by counsel, and on the following day the personal appearance of the defendant Benlein was entered. A rule plea was entered, and the case was for trial at September Term 1880, which began September 13th. On which day, the defendants by their counsel, filed a plea, "that they did not commit the wrong alleged."

On the 24th day of September, issue was joined, and the case was tried before the Court, same day verdict for plaintiff, damages $2500, and judgment for plaintiff for $2500, assessed by the Court, with interest from date of judgment, and costs.

Desche and Benlein *vs.* Gies.

It appears that a suggestion in writing for a removal of the cause, with affidavit, was made before the trial of the case, which the Court considered to be insufficient, because not in compliance with the requirements of the Constitution.

On the day after the judgment was rendered, a motion was made by the defendants to strike out the judgment, and in support of the motion, several causes were assigned ; among them was that a suggestion for removal, with affidavit, had been filed on the 21st day of September 1880.

The objection to the suggestion which the Circuit Court considered fatal, was that it did not conform to the requirement of the Constitution, (*Art.* 4, *sec.* 8, and the Act of 1874, ch. 364,) in this, that instead of suggesting that "the parties cannot have a fair and impartial trial," &c., it stated that the "parties *believe* they cannot have a fair and impartial trial," &c.

We consider it unnecessary to decide whether this was a valid objection to the suggestion, or whether the same was sufficient in form ; because it appears to us there is, apart from this question, a fatal objection to the judgment rendered by the Circuit Court.

It does not appear from the record that there was any consent or agreement by the parties to submit the cause to the Court for determination without a jury, as authorized by *sec.* 8, *Art.* 4 of the Constitution.

Without such consent or agreement, it was not competent for the Court to proceed to the trial of the case, and to render judgment therein.

For this reason, the motion to strike out the judgment ought to have been granted ; its judgment in overruling the motion will therefore be reversed, and the cause will be remanded, to the end that the judgment rendered on the 24th day of September 1880, may be stricken out, and the parties have an opportunity to try the cause.    In

case the defendants desire to have the cause removed to another Court, they will have an opportunity to renew the suggestion for removal, in such form as will be free from objection. It is better that the terms prescribed by the Constitution be complied with.

*Judgment reversed, and*

*cause remanded.*

(Decided 18th March, 1881.)