Lanahan *vs.* Heaver.

(Decided 21st June, 1893.)

ROBINSON, C. J., dissented.

---

## THOMAS M. LANAHAN *vs.* JOHN HEAVER.

*Agreement to Submit cause to Court—Section 8 of Article 4 of the Constitution—Consideration—Effect of Submission.*

Under section 8, of Article 4, of the Constitution which provides that "the parties to any cause may submit the same to the Court for determination without the aid of a jury," a jury may be dispensed with in civil cases by agreement of the parties, and the promise of each party to relinquish his constitutional right to a jury trial, is a sufficient consideration for an agreement to submit the cause to the Court.

An agreement under section 8, of Article 4, of the Constitution, to submit a civil cause to the Court for determination without the aid of a jury, will not, in the absence of an intention so expressed, be construed as an agreement to try the case only before the Judge who happened to be on the Bench when the agreement to submit was made and entered upon the docket. And such agree-

ment will continue in full force until the case submitted has been decided, or something has happened to render such result impossible.

APPEAL from the Superior Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before ROBINSON, BRYAN, FOWLER, ROBERTS, and McSHERRY, J.

*Frank Gosnell,* (with whom was *John Prentiss Poe, Attorney-General,* on the brief,) for the appellant.

The entry now under consideration is not simply a waiver of a jury trial by the parties, but it is a solemn contract, made a matter of record, entered into by virtue of a constitutional provision. Now, it always takes two parties to make a contract, and having been made it cannot be broken or altered without the consent of both. *Wheeler vs. New Brunswick, &c. R. R. Co.,* 115 *U. S.,* 34.

This agreement binds the parties until a final verdict and judgment have been entered in the case. *Farmers' Bank of Maryland vs. Sprigg,* 11 *Md.,* 396.

In speaking of the right of the successor of a Judge, who had heard a case, to dispose of a motion for a new trial, the Supreme Court of the United States said: "But the district Judge is mistaken in supposing that no one but the Judge who renders the judgment, can grant a new trial. He, as the successor of his predecessor, can exercise the same powers, and has a right to act in any case that remains undecided upon the docket, as fully as his predecessor could have done. The Court remains the same, and the change of the incumbents cannot and ought not in any respect, to injure the rights of litigant parties." *Life & Fire Ins. Co. of New York vs. Wilson's Heirs,* 8 *Peters,* 303.

Lanahan *vs.* Heaver.

A *constitutional right* acquired by the agreement in this case and made a part of the records of the Court, cannot be stricken down.

On the contrary, when the character of the action remains unchanged, and the case remains to be tried upon the issues joined at the time of the agreement that the Court shall *determine* the controversy, was made, there is no power in the Court to say, at the instance of one party without the *consent* of the other, that the case shall be tried before a jury. *Heacock vs. Lubukee*, 108 *Ill.*, 645; 7 *Lawson's Rights, Rem. & Pr.*, sec. 3790; *Marsh vs. Brown*, 57 *N. H.*, 173; *St. Paul Distilling Co. vs. Pratt*, 45 *Minn.*, 215, 219; *Baird vs. Mayor*, 74 *N. Y.*, 382; *Third Nat. Bank of Malone vs. Shields*, 55 *Hun*, 277; *Bantle vs. Krebs*, 23 *N. Y. Sup.*, 381.

*Henry W. Fox,* and *John V. L. Findlay,* for the appellee.

The agreement, by the very nature of the case, was a consent to try before the Judge who then sat on the bench of the Court, and for the reason that he was familiar with the points of pleading involved in the case. That agreement was carried out to the letter, so far as we were concerned. It only failed of its purpose by an act of God. The reason of the agreement having ceased, one would suppose that the agreement ought to cease also. *Ratione cessante lex cessat. Town of Carthage vs. Buckner*, 8 *Ill.*, 152; *Heacock vs. Lubukee*, 108 *Ill.*, 642; 1 *Thompson on Trials*, sec. 2; *Cross vs. State*, 78 *Ala.*, 430; *Gage vs. Com. Nat. Bank of Chicago*, 86 *Ill.*, 371; *Brown vs. Chenoworth*, 51 *Tex.*, 469; *Dean vs. Sweeney*, 51 *Tex.*, 242; *State vs. Touchet*, 33 *La. An.*, 1154; *Brown vs. State*, 89 *Georgia*, 340; *Biggs vs. Lloyd*, 70 *Cal.*, 447; *Noel vs. Denman*, 76 *Tex.*, 306; *McCarthy vs. Missouri Railroad Co.*, 15 *Mo. App.*, 385.

FOWLER, J., delivered the opinion of the Court.

The appellee sued the appellant in the Superior Court of Baltimore City, and the case being ready for trial, it was, as appears by the docket entries, on the "2nd April, 1892, submitted by agreement of counsel to the Court for determination without the intervention of a jury." The trial proceeded before the late Judge STEWART, one of the Judges of the Supreme Bench of Baltimore City, who was then sitting in the Superior Court, and the case was fully argued by counsel representing both parties. Judge STEWART died in August, 1892, no decision of the case having been rendered by him. Subsequently the papers were returned to the Superior Court by Judge STEWART's legal representatives. On the 21st January, 1893, the plaintiff moved "to strike out the submission of the case to the Court without the intervention of a jury, because the late Judge STEWART, before whom the case was tried, died before its determination, and that the case be set down for trial at an early day in the usual way before Court and jury." This motion was heard and an order was passed striking out the agreement to try the case without the aid of a jury. From this order the defendant has appealed.

The Constitution of Maryland, Article 4, section 8, provides that "the parties to any cause may submit the same to the Court for determination without the aid of a jury." It is apparent, therefore, that under this familiar provision of our Constitution a jury may be dispensed with by agreement of the parties in civil cases, and the only question before us is whether this agreement is binding upon both parties to it, and, if so, how long. We say civil cases, because the question as to what effect such an agreement would have in a criminal proceeding is not now before us.

Lanahan *vs.* Heaver.

In order to avoid the conclusion which inevitably follows if what the parties here did be regarded as an agreement or contract, it was suggested that there is nothing contractual about it, and that it amounts to nothing more than a waiver. A number of authorities holding that a party has a right to withdraw his waiver of a jury trial were relied on to justify the action of the Court below. Without examining these cases in detail, it is sufficient to say that some of them are based upon statutes peculiar to the State in which such decisions were rendered, and others upon the ground that a mere waiver is not binding. But we place our conclusion on what we think is the plain meaning of the provision of our own Constitution upon this subject—namely, that the parties to a civil cause must *agree* thereto before the aid of a jury can be dispensed with.

We believe the universal practice of the State is in accord with this construction, for it has never been suggested that either party in a civil case can, without the consent of the other, avoid a jury trial. And in the case at bar it appears by the docket entries that the jury was dispensed with by *agreement*. As said by the late Justice MILLER, in *Wheeler vs. New Brunswick, &c., R. R. Co.*, 115 *U. S.*, 34: "To annul or set aside this contract fairly made, requires the consent of both parties to it, as it did to make it." But is the agreement a valid one? It is urged that there is no consideration to support it. We think, however, the consideration is ample. Each party promised or agreed with the other that he would relinquish his constitutional right to a jury trial, and the forbearance to exercise a legal right has always been held to be a sufficient consideration to support a contract. One of the most frequent illustrations of this kind of consideration being a forbearance to sue.

39              v. 77

But the further contention of the appellee is, that
although it be admitted that the submission of the
case constitutes a valid agreement, yet it must be con-
strued as an agreement to try the case before Judge
Stewart, who happened to be the Judge then assigned
to that Court, and that he being dead, the contract is
impossible of execution, and therefore void.  However,
neither the terms of the contract itself, nor the infer-
ences which may be drawn therefrom would seem to
warrant such a conclusion.   If the intention was that
the trial was to be had before the Judge then sitting,
and before no other Judge, such intention should have
been expressed.   Assuming that the Judge of a Court
is to be considered as *the Court*, it must be remembered
that Judge Stewart was not the Judge of the Superior
Court, for there is no such officer known to the Consti-
tution.   He was one of the Judges of the Supreme
Bench, which had assigned him for the time being to
the Superior Court.   Any other Judge of the Supreme
Bench, or any two or more of them, when so assigned
to that Court, would have constituted the Court
in the same sense in which the Judge then sit-
ting may be said to constitute it.   If, as was intimated,
the agreement was made because of Judge Stewart's
familiarity with the case, he having tried it once
before, such intention should have been expressed in
the agreement, for it is not to be assumed that parties
agree to submit their cases to the Court rather than
to the jury, because of some peculiar knowledge of the
facts on his part, nor because of his personal views
and characteristics.   There are cases in which the
facts are not disputed, and the law is doubtful, and
there are others in which the reverse condition may
exist.   In the former, for the sake of convenience, ex-
pedition, and economy, the Court is generally selected
as the more appropriate tribunal, while in the latter
the jury find the facts and the Court declares the law.

Lanahan *vs.* Heaver.

The construction contended for by the appellee might lead to great inconvenience not only in the Courts of Baltimore City, but in the other circuits of the State; for if the case can only be tried before the Judge who happens to be on the bench when the agreement to submit is made and entered upon the docket, the other Judges of the Supreme Bench of Baltimore City or of any of the circuits, as the case may be, would be practically disqualified in all cases submitted in their absence. Thus many cases which are submitted to the Court without the aid of a jury in order to expedite the trial, would be continued from term to term until it was possible to have the Court organized exactly as it was when the cause was submitted. We think the more reasonable construction to be placed upon this provision of the Constitution is, that when the case is submitted to the Court for determination, the Judge or Judges, who happen to be on the Bench when the case comes on for trial is the Court to which the case is submitted.

Some question was made as to how long the agreement would be binding. In regard to this question we think there ought to be no difficulty. The object of the agreement evidently is to have the Court determine or decide the *case submitted*, and until that result has been reached, or something happens which renders such a result impossible, the agreement should be continued in full force. Thus in *Farmers' Bank of Maryland vs. Sprigg*, 11 *Md.*, 396, it is held to be well settled that agreements made in a cause at the first trial are valid in a second trial upon *procedendo*. And in *Woodruff and Robinson vs. Munroe*, 33 *Md.*, 157, the same view is expressed, and the Court adds: "The terms (of the contract) are general and contain nothing from which it could be inferred that it was the intention of the parties to limit its operation to the first trial."

Lanahan *vs.* Heaver.

What we have said refers exclusively to civil cases. The waiver of right to jury trial in criminal proceedings would present other and different questions, with which we are not now concerned.

Order reversed, with costs to appellant.

*Order reversed, and*
*cause remanded.*

(Decided 21st June, 1893.)