647 A.2d 429

**Rocco LUPPINO**

v.

**Stephen GRAY and Mary Soraci.**

**No. 115, Sept. Term, 1993.**

Court of Appeals of Maryland.

Sept. 13, 1994.

Walter W. Pitsenberger, Bowie, for petitioner.

James K. Archibald (G. Stewart Webb, Jr., Mitchell Y. Mirviss, Venable, Baetjer and Howard, all on brief) Baltimore, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI, BELL and RAKER, JJ.

BELL, Judge.

We granted certiorari to consider whether, in light of Article IV, section 8(a) of the Maryland Constitution, the failure of the parties to a civil action to elect a jury trial pursuant to Maryland Rule 2–325, thus waiving their right to that mode of trial, results in a constitutionally guaranteed court trial.[1] In

---

1. This issue was neither presented to, nor decided by, the Circuit Court for Prince George's County. It was raised by the Court of Special Appeals at oral argument. The court also raised a related issue, namely

 If appellant was erroneously deprived of a constitutional right to a non-jury trial, did there arise a presumption of prejudice that shifted the burden to appellees to prove that appellant was not prejudiced by the error?

 As an alternative argument, the respondents assert that even if a constitutional right to a non-jury trial exists and their election of a jury trial was untimely, the petitioner waived his right to such a trial by failing to assert it in the circuit court. Our resolution of the issue previously identified renders consideration of that argument unnecessary. *But see* Maryland Code (1957, 1989 Repl.Vol.) § 12–203 of the Courts & Jud. Proceedings Article; Rule 8–131(b)(1). *See also Walston v. Sun Cab Co.*, 267 Md. 559, 565, 298 A.2d 391, 395 (1973) ("[T]he General Assembly intended … a 'further appeal' by our exercise of discretion in granting writs of certiorari when review and determination by us appear to be 'desirable and in the public interest.'") (emphasis in original).

an unreported opinion, a divided panel of the Court of Special Appeals held that it does not. We granted the petition for writ of certiorari filed by Rocco Luppino, the petitioner. We shall affirm.

## I

This case had its genesis when the petitioner sold his home to the respondents, Steven J. Gray and Mary Soraci, his wife. When the respondents subsequently discovered extensive "old termite damage, rotting wood, evidence of earlier repairs and other adverse conditions," they sued the petitioner for fraud, intentional concealment, and negligent misrepresentation.[2] Neither the respondents, as plaintiffs, nor the petitioner, as defendant, elected a jury trial pursuant to Maryland Rule 2–325.[3]

More than two years after they filed their initial complaint, the respondents amended it to add four additional counts. Along with the filing of the amended complaint, the respondents filed a demand for jury trial. Motions to dismiss or to strike the amended complaint and a motion to strike jury trial demand were filed by the defendants.[4] The court granted the

---

2. In addition to the petitioner, the respondents sued the petitioner's real estate agents and the proprietor of the pest control company that issued a certificate of termite inspection certifying that "no visible evidence of infestation from wood destroying insects was observed." The respondents ultimately dismissed their claims against these defendants.

3. Maryland Rule 2–325, in pertinent part, provides:
 (a) *Demand.*—Any party may elect a trial by jury of any issue triable of right by a jury by filing a demand therefor in writing either as a separate paper or separately titled at the conclusion of a pleading and immediately preceding any required certificate of service.
 (b) *Waiver.*—The failure of a party to file the demand within 15 days after service of the last pleading filed by any party directed to the issue constitutes a waiver of trial by jury.

 \* \* \* \* \* \*

4. The petitioner's motion expressly sought dismissal or striking of the amended complaint, referring to the jury trial demand only in that context. It did not expressly seek to have the jury trial demand stricken, apart from the resolution of the motion to strike or dismiss the amended complaint.

motions to strike the amended complaint as to three of the four counts, but denied them as to amended count 6, which alleged intentional omission. The court also denied the motion to strike jury trial demand, thus, permitting the case to proceed before a jury.

The jury found against the petitioner and in favor of the respondents on all counts submitted to it, including count 6, and awarded the respondents both compensatory and punitive damages. The petitioner's Motion For A Judgment N.O.V. Or Remittitur Or New Trial was denied. He then appealed to the Court of Special Appeals, which affirmed the judgment of the Circuit Court for Prince George's County.

The intermediate appellate court agreed with the petitioner that the trial court erred in permitting the case to proceed as a jury trial. It agreed with the respondents, on the other hand, that the error was harmless, holding that the appellant, having shown no prejudice, was not entitled to reversal of the judgment. As to the former, the court reasoned that count 6 was merely the restatement of a claim for fraud already set forth in two other counts of the complaint; it did not add a new substantive issue. Nevertheless, the court was of the view that, error having been shown, the petitioner failed to prove any injury that he suffered as a result. As to that, the court observed:

> He did not complain that the belated election for a jury trial presented any difficulty in being prepared for trial or any other hardship or complexity. Indeed, the only concern he expressed was that a jury trial would take longer than a court trial and might conflict with another scheduled trial. There is no claim that such a conflict did occur or that, if it did, the resulting postponement of the other case prejudiced the defendant in this one.

Slip op. at 6.

It was in this context that the Court of Special Appeals raised, and ultimately decided, the issues, which are at the heart of this appeal.

Because the petitioner did not establish prejudice as a factual matter, the intermediate court recognized that he could prevail only if allowance of a jury trial violated a right of constitutional dimension that the petitioner enjoyed. Addressing that issue, it concluded that the belated election of a jury trial did not deprive the appellant of a constitutional right to a non-jury trial because the failure to elect a jury trial pursuant to Maryland Rule 2–325(b), being merely procedural, does not confer any constitutional right on any party. But the court did not hold that there is no constitutional right to a court trial. On the contrary, it suggested that there is such a right when it stated that erroneously allowing a plaintiff belatedly to elect a jury trial "cannot deprive the defendant of any constitutional right because *the constitutional right to a non-jury trial exists only if all parties desire a non-jury trial.*" Slip op. at 8 (some emphasis added).

The dissenting judge agreed with the majority's conclusion that there is a constitutional right to a court trial. Indeed, it is upon the majority's statement of when it exists that he constructs an argument equating the parties' waiver of a jury trial, *i.e.* their failure to demand a jury trial pursuant to Rule 2–325(b), with the requirement of Article IV, section 8(a) [5] of the Maryland Constitution that the parties "submit the case to the court for determination without the aid of a jury." Thus, according to the dissenting judge, whose argument the petitioner adopts, the waiver of a jury trial is the same as affirmatively agreeing to a court trial:

> I would hold, and I think it would be entirely consistent with the Maryland Rules, that once the right to a jury trial has been waived, the parties are submitting their case to be tried by the court. That right, while subservient to the constitutional right to a jury trial prior to a waiver, becomes

---

**5.** Md. Const. art. IV, § 8(a) provides:
 The parties to any cause may submit the cause to the court for determination without the aid of a jury.

cognizable upon the waiver of a jury trial made pursuant to Maryland Rule 2–325.

Slip op. at 8 (Cathell, J. dissenting).

## II

The first Constitution was adopted in Maryland in 1776. That Constitution did not contain a provision dealing explicitly with the right to jury trial in civil cases.[6] Neither did it include, either in the Declaration of Rights or in the Constitution proper, any reference to a court trial.

The first reference to jury trial in civil proceedings came in the Constitution of 1851 with the inclusion of section 4 in Article X. It provided:

> The trial by jury of all issues of fact in civil proceedings, in the several courts of law in this State, where the amount in controversy exceeds the sum of five dollars, shall be inviolably preserved.

That provision was continued, unchanged, but as section 5 of Article XII, in the Constitution of 1864. With slight modification, it was continued in the 1867 Constitution, as Article XV, Miscellaneous, section 6. As modified, the provision stated, as it still does:

> The right of trial by jury of all issues of fact in civil proceedings in the several Courts of Law in this State,

---

6. The 1776 Maryland Constitution contained two references, both in the Declaration of Rights, to trial by jury. Article 3, as relevant, provided:

That the inhabitants of Maryland are entitled to the common law of England, and a trial by jury, according to the course of that law....

In pertinent part, Article 19 provided:

That in all criminal prosecutions, every man hath a right ... to speedy trial by an impartial jury without whose unanimous consent he ought not to be found guilty.

We deal here with the right to a jury trial in a civil proceeding; hence, it is to Article 23 of the Declaration of Rights of our present Constitution to which we confine our attention. It is also in that context in which we construe Article IV, section 8(a) of the Constitution. *See infra*.

where the amount in controversy exceeds five dollars[7], shall be inviolably preserved.

By Ch. 681, Acts of 1977, the Legislature proposed the amendment of the Constitution by transferring Article XV, Miscellaneous, sections 5 and 6, to the Declaration of Rights as Article 23. The voters ratified the amendment November 7, 1978.

We have held that the reference, in the precursor to Article 23, to jury trial, to which the citizens of Maryland are entitled, is to "the historical trial by jury, as it existed when the Constitution of the State was first adopted." *Houston v. Lloyd's Consumer Acceptance Corp.*, 241 Md. 10, 20, 215 A.2d 192, 198 (1965), quoting *Knee v. Baltimore City Passenger Ry. Co.*, 87 Md. 623, 624, 40 A. 890, 891 (1898). Thus, the citizens of Maryland have been guaranteed, since 1776, the right to trial by jury. Moreover, a provision comparable to Article 23 has been in each Constitution, including the Constitution presently in effect, since 1851. Accordingly, it is accurate to say that it is well-settled that Maryland guarantees its civil litigants a right to trial by jury.

A court trial was referred to in a constitutional provision for the first time in the Constitution of 1864, with the addition of Article IV, section 8. Unlike Article 23, or its precursors, whose phraseology clearly reflects that trial by jury is a right, that provision then, as section 8(a) does now, provided that "[t]he parties to any cause may submit the cause to the court for determination without the aid of a jury."

We have never construed Article IV, section 8(a) as conferring on an individual civil litigant a right to a court trial. In point of fact, we have held just the opposite, *see Maryland Community Developers, Inc. v. State Roads Commission of Maryland,* 261 Md. 205, 214, 274 A.2d 641, 646, *appeal dis-*

---

7. By Ch. 789, Acts of 1969, the Legislature proposed, and on November 3, 1970, the voters ratified, the amendment of then Article XV, section 6 to increase the threshold amount for jury trials from five dollars to five hundred dollars. The amount in controversy was subsequently further increased to five thousand dollars. *See* Chapters 205, 206, Acts of 1992, ratified November 3, 1992.

*missed,* 404 U.S. 803, 92 S.Ct. 62, 30 L.Ed.2d 35 (1971); *Accord Knee,* 87 Md. at 624, 40 A. at 891, a view that is consistent with that of the commentators. *See also* Charles A. Rees, *State Constitutional Law for Maryland Lawyers: Individuals Civil Rights,* 7 U.Balt.L.Rev. 309–10 (1964). The purpose of inserting that provision in the Constitution was to ensure that when the parties mutually elect that mode of trial, they could have it; hence, the only constitutional right to a court trial belongs, as the Court of Special Appeals recognized, to all the parties to the civil proceeding and only if they mutually so elect.

In each of the cases in which this Court has considered the application of what is now section 8(a), the focus was on the procedural requirement that the parties consent to a court trial, rather than on the entitlement of any one of them, as a matter of absolute right, to that mode of trial. *See Tinges v. Moale,* 25 Md. 480, 484 (1866) ("The provision of the Constitution authorizing the parties to a suit at law to submit facts for the trial and determination of the court, without the aid of a jury, cannot be regarded as restricting the jurisdiction of the court, or as conferring upon it a special jurisdiction. There is no added jurisdiction of a limited or restricted character to the general jurisdiction of the court, but a mere authorized change, in certain cases optional with the parties, in the mode of trying facts, already a part of its general jurisdiction."); *Gambrill v. Parker,* 31 Md. 1, 6 (1869) (recognizing that cases submitted to the court for determination without the aid of a jury may be tried at any term of court, as in other cases not requiring a jury but that in "cases where a jury trial is demanded, and to which the party has a right, and there is no agreement to submit the case to the court, such case, of course, must be disposed of at a jury term."); *Cross v. Kent,* 32 Md. 581, 584 (1870) (an attorney may agree on behalf of his client, a lunatic, to submit the case to the court for determination without the aid of a jury pursuant to Constitution Article IV, section 8); *Desche v. Gies,* 56 Md. 135, 137 (1881) (a court may not try a case and enter judgment thereof where parties have not consented or agreed to that mode of trial, as autho-

rized by the Article IV, section 8); *Lanahan v. Heaver,* 77 Md. 605, 609, 26 A. 866, 866 (1893) (construing the predecessor to section 8(a) plainly to mean "that the parties to a civil cause must agree [to a court trial] before the aid of a jury can be dispensed with," acknowledging that "it has never been suggested that either party in a civil case can, without the consent of the other, avoid a jury trial," and recognizing that the consideration supporting the agreement to proceed non-jury is that "[e]ach party promised or agreed with the other that he would relinquish his constitutional right to a jury trial. . . ."); *Houston v. Wilcox,* 121 Md. 91, 100, 88 A. 32, 35 (1913) (acknowledging the jurisdiction of the court to conduct a non-jury trial when the parties so consent or agree as authorized by the Constitution).

 That the framers of the 1864 Constitution did not perceive of that portion of section 8 that permits the parties to agree to a court trial as conferring on an individual civil litigant a constitutional right to a court trial is reflected in the debate surrounding its adoption. *See The Debates of the Constitutional Convention of the State of Maryland,* Vol. III at 1394 (1864). As originally proposed, what was to become section 8(a) was part of a provision relating to the "trial of causes," which provided:

> Sec. 9. The legislature shall provide for the trial of causes in case of the disqualification of all of the judges of the circuit, but the parties to any cause may, by consent, appoint a proper person to try said cause, and may try any cause before the court without the intervention of a jury.

An objection was made that the proposed provision "seems to be a sort of invasion of the right of trial by jury, by allowing parties by consent to take a case before the judge and try it on the facts as well as upon the law, without a jury" and that it imposes that additional duty on the judge. *Id.* at 1394. Responding, a proponent of the provision asserted:

> Persons familiar with the practice of courts, will readily recollect a great many cases where facts are perfectly simple, dependent upon the testimony of one witness, or two

at the best. Hours might be occupied before a jury, while the matter would be disposed of before the court in a few minutes. The putting labor on a judge is a consideration, I think, hardly to be regarded as worth estimating in such cases. It is only where both the parties desire it, that they are to have this privilege. And if it was an onerous case to the judge, I think the principle of common delicacy would lead them to forebear exercising this privilege. I know that has been the practice. I know that the judge of the court has repeatedly urged counsel not to submit cases of a very serious criminal character, to his decision, when they expressed a desire to do so. And as gentlemen would always do, they have courteously acceded to the judge's request, and have gone before a jury. Now, where there is a very simple case, where much time may be saved, and where both parties desire it, why forbid parties from exercising their options? I confess, that I can see no objection to the section.

*Id.* at 1394–95.[8]

Another speaker proposed to make the provision "less ambiguous" by amending the last two clauses by substituting,

---

**8.** The rules governing the construction of statutes and constitutional provisions are the same. *Brown v. Brown,* 287 Md. 273, 277, 412 A.2d 396, 398 (1980). When the language of the pertinent constitutional provision, or its effect, is ambiguous or uncertain, external interpretative aids may be consulted in order to ascertain the meaning or purpose the provision was intended to accomplish or achieve. *Id.* at 278, 412 A.2d at 399. In that regard,

[I]t is permissible to inquire into the prior state of the law, the previous and contemporary history of the people, the circumstances attending the adoption of the organic law, as well as broad considerations of expediency. The object is to ascertain the reason which induced the framers to enact the provision in dispute and the purpose sought to be accomplished thereby, in order to construe the whole instrument in such a way as to effect that purpose. The court may avail itself of any life that may be derived from such sources, but it is not bound to adopt it as the sole ground of its decision.

*Perkins v. Eskridge,* 278 Md. 619, 640–41, 366 A.2d 21, 34 (1976), quoting *Reed v. McKeldin,* 207 Md. 553, 560–61, 115 A.2d 281, 285 (1955). One of the sources to which the court may look to discern the framers' purpose in enacting the provision is the proceedings of the

"or," for "and." Having that clause read "but the parties to any cause may, by consent, appoint a proper person to try said case, or may try any cause before the court without the intervention of a jury," he explained, "would carry the idea of consent into the latter clause more clearly than it now does; and I suppose this is the intention." *Id.* at 1395. The amendment was adopted. When the matter was next taken up, however, the same speaker proposed yet another amendment, *i.e.:*

> The General Assembly shall provide for the trial of causes in case of the disqualification of all of the judges of the circuit to hear and determine the same, but in case of such disqualification, the parties thereto may by consent appoint a person to try the same; and the parties to any cause may submit the same to the court for determination without the aid of a jury.

*Id.* at 1402–03. By way of explanation, he said:

> That permits parties to submit their causes to the court without the intervention of a jury, and also provide for the case of the disqualification of the judge, and it does not mix up the two subjects which were intended to be included in this section.

The amendment was adopted.

It appears that section 8(a) was adopted to provide a mechanism by which the parties to a cause could avoid trying that cause before a jury. By agreeing to proceed without the aid of a jury, the parties are given the right to override the court's power to require a jury trial. Because the right is a collective one, it seems apparent that it is not enough that each party acquiesces in that mode of trial; rather, it is necessary that they agree among themselves to proceed non-jury. Section 8(a), then, contemplates an agreement between the parties directed against the power of the court.

■ The petitioner's argument depends upon the confluence of three separate, *albeit* related, propositions. The first,

---

constitutional convention. *Reed v. McKeldin,* 207 Md. at 561, 115 A.2d at 285.

derived from *Rose v. State,* 177 Md. 577, 581, 10 A.2d 617, 619 (1940), is that a court trial is, and was prior to, or at least contemporaneous with, the adoption of the predecessor to section 8(a), "an equally normal method" of trial as a jury trial. The second is that section 8(a), providing an alternative method of trial, is included in the organic law and confers rights on each individual party to the litigation. The final proposition is that the consent and agreement contemplated by section 8(a) can be reached in a variety of ways, including by a rule of court providing for the waiver of a jury trial. *See Houston v. Lloyd's Consumer Acceptance Corp.,* 241 Md. 10, 17, 215 A.2d 192, 196 (1965). The petitioner emphasizes that, in the latter case, the Court acknowledged that no court waiver rule [9] was in force in Baltimore County when *Desche v. Gies, supra,* was decided. He also finds significant that the waiver rule addressed in *Houston* did not give the trial court discretion to grant a jury trial in the face of the jury trial waiver.[10]

It must be observed that simply because "an equally normal" mode of trial exists does not mean that mode of trial is,

---

**9.** Rule 8 of the Circuit Court for Baltimore County, in effect in 1965, provided, as pertinent:

(1) All civil cases standing for trial in the Circuit Court for Baltimore County shall be tried before the court without a jury unless an election in writing, for a trial by jury separate and distinct from the pleadings, be filed, in person or by attorney, as hereinafter provided.

 \* \* \* \* \* \*

**10.** At issue in *Houston v. Lloyd's Consumer Acceptance Corp.,* 241 Md. 10, 215 A.2d 192 (1965) was the validity of a jury trial waiver rule promulgated by the Circuit Court for Baltimore County. The appellant in that case argued that the waiver rule violated his constitutional right to jury trial. The Court rejected that argument, holding that the promulgation of a waiver rule is an acceptable and reasonable regulation of jury trials, a matter inherently entrusted to the courts. *Id.* at 14, n. 4, 20–23, 215 A.2d at 194, n. 4, 198–200. The Court then responded to the appellant's argument that section 8(a) was a constitutional impediment to the adoption of waiver rules or other methods of securing a bench trial without the parties' agreement. It was in this context that the Court suggested that the consent or agreement required by section 8(a) might be supplied by court rule.

like its alternative, constitutionally required to be preserved inviolate. *See Bruce v. State,* 328 Md. 594, 608, 616 A.2d 392, 399 (1992). Nor does the fact that the Constitution specifically mentions that mode of trial and, indeed, prescribes the procedure for its selection as an option. *See The Debates of the Constitution Convention of the State of Maryland,* Vol. III at 1399, where the rationale for including section 8(a) in the Constitution was stated to be:

> "[i]f we do not put in the Constitution a provision permitting the question to be tried without a jury, you cannot do it at all; 50,000 legislators could not authorize it to be done, because the Constitution guarantees the right of trial by jury; and you must put such provision in your Constitution or not have it at all."

Nor does it not mean that a civil litigant who does not have the consent of the other parties is constitutionally guaranteed that mode of trial.

*Houston* is not dispositive either. Notwithstanding the inference that may be drawn from the Court's discussion of how the parties' consent and agreement can be supplied, the decision in that case did not rest on that ground. The Court did address the effect of the promulgation of a court waiver rule that implemented Article IV, section 39, a Constitutional amendment that permitted "the General Assembly ... by laws, or the Supreme Bench by its rules [to] requir[e] causes in any of the Courts of Baltimore City to be tried before the Court without a jury, unless the litigants or some one of them shall within such reasonable time or times as may be prescribed, elect to have their causes tried before a jury" and "*produce[d] precisely the converse of the condition which prevailed prior to its adoption* [and ratification in 1893 by the voters]." *Id.* 241 Md. at 18–19, 215 A.2d at 196–197, quoting *City Passenger Ry. Co. v. Nugent,* 86 Md. 349, 360–61, 38 A. 779, 783 (1897) (emphasis in original). In fact, still quoting *Nugent,* it observed:

By sec. 6, Art. 15 of the constitution,[11] a trial by jury of all issues of fact is guaranteed to every litigant when the sum in controversy exceeds five dollars though it is competent, under section 8, Art. 4, for the parties to a proceeding to waive that right and to submit the cause to the court for determination without the aid of a jury. It was found in actual practice that these provisions resulted in congesting the dockets of the common law Courts in the city of Baltimore, and accordingly an amendment of the organic law was proposed by the General Assembly during the session of 1892.

*Id.* at 18–19, 215 A.2d at 197. The Court then rejected the argument that the constitutional amendment was necessary to permit promulgation of the court rule:

We think this less a recognition of their concern for proper constitutional auspices than a clear indication of their understandable desire for a simple, practical and *foolproof* method of expediting the work of the trial courts. Surely the very fact of the amendment precluded much of the litigation the rule would otherwise have engendered but we do not agree that it was necessary to the validity of the rule, *and we so hold.*

*Houston,* 241 Md. at 19, 215 A.2d at 197 (some emphasis added).

Also of interest is the Court's discussion of *Knee v. City Passenger Railway Company,* 87 Md. 623, 40 A. 890 (1898). In that case, without mentioning Article IV, section 39, this Court upheld a trial court's order staying the new trial the appellant had been awarded until payment of the costs of the first trial and appeal had been paid. We reasoned:

In deciding the case in 7 Md. [*Steuart v. Mayor & City Council,* 7 Md. 500], Judge Eccleston [sic] cites with approval the case of *Beers v. Beers,* 4 Conn. 535, where a provision of the Constitution guaranteeing right of trial by jury was held not to be violated, by an act giving jurisdiction to

---

**11.** Present Article 23 of the Declaration of Rights.

justices of the peace, but with an appeal; provided bond be given. In that case, the Chief Justice said: "No such unreasonable hardship is put on the appellant by the bond required for the prosecution of an appeal, as to justify the assertion that the right of trial by jury is in any manner impaired * * *. It could never be the intention of the Constitution to tie up the hands of the Legislature, so that no regulation even, of the right of trial by jury could be made. It is sufficient and within the reasonable intendment of that instrument, if the trial by jury be not impaired, although it may be subjected to new modes, *and even be rendered more expensive,* if the public interest demand such alteration."

* * * * * *

This common law practice [requiring costs to be paid as a condition precedent to a jury trial], antedating our Constitution and Declaration of Rights, led naturally and almost inevitably as the field of litigation widened to the enactment of statutes, such as that now before us, having for their object *the just regulation of the right of trial by jury.* Such statutes from time to time have been assailed by the independent and aggressive thinkers of the profession, and it is gratifying to note with what sound and wise discrimination, in the main, the Courts have dealt with the subject, *always preserving unimpaired the ultimate historical right as it existed at the time of our separation from the mother country, while sustaining all reasonable regulations of the exercise of that right made in the interest of the general public.* Thus the payment of jury-fees in States where such payment is required by statute, as a condition to a jury trial, has been very vigorously attacked as affixing an unconstitutional burden to this right, but the decisions have almost uniformly sustained the statutes.

*Id.* 241 Md. at 20–21, 215 A.2d at 198–199, quoting *Knee,* 87 Md. at 625–27, 40 A. at 891–892.

In any event, unless § 8(a) confers constitutional rights on individual civil litigants, the manner in which compliance with

its requirements occurs is of no consequence. By its express terms, when all parties to a cause elect to submit the case to the court for trial without a jury, *see Heaver,* 77 Md. at 608–609, 26 A. at 866, they are thereby afforded a constitutional right to a court trial; by their mutual election, they are enabled to proceed by way of, and enforce trial by, an alternative mode of trial. Section 8(a), therefore, is the mechanism by which the parties to civil litigation are permitted to avoid trial by jury, the usual method. Providing the parties with that opportunity does not confer a constitutional right to court trial on any one of the litigants. Accordingly, while, pursuant to section 8(a), *the parties* to a cause, by mutual election, may constitutionally, submit that cause for a court trial, *see Heaver,* 77 Md. at 611–612, 26 A. at 867, no individual party is by that section given a comparable right. The waiver of a jury trial pursuant to Rule 4–325(b) does not trigger the section 8(a) court trial right. As earlier noted, rather than mere acquiescence, section 8(a) requires an agreement between the parties. Individual waivers of the constitutional right to jury trial do not amount to an agreement among the parties to proceed without the aid of a jury. Thus, even if by all parties, a waiver of the constitutional right to a jury trial does not confer a constitutional right on anyone.

*JUDGMENT AFFIRMED, WITH COSTS.*