*Frank D. Scarfield, Sr., et al. v. Peter A. Muntjan, et al.*, No. 82, September Term, 2014, Opinion by Adkins, J.

**CIVIL PROCEDURE — JURY DEMAND — MARYLAND RULE 2-325 — WAIVER — REVIVAL:** When an amended complaint with an accompanying jury demand contains only one new count, which is dismissed for failure to state a claim, that new issue and timely jury demand are insufficient to revive a previously waived jury demand for counts in the original complaint.

Circuit Court for Baltimore City
Case No.: 24-C-10-009292
Argued: May 6, 2015

IN THE COURT OF APPEALS

OF MARYLAND

No. 82

September Term, 2014

FRANK D. SCARFIELD, SR., et al.

v.

PETER A. MUNTJAN, et al.

Barbera, C.J.
*Harrell
Battaglia
Greene
Adkins
McDonald
Watts,

JJ.

Opinion by Adkins, J.

Filed:  July 24, 2015

* Harrell, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

The right to a trial by jury in civil proceedings is enshrined in the Maryland Declaration of Rights[1] and further guaranteed in Maryland Rule 2-511[2]. But the Legislature and Courts may impose reasonable limitations on that right. One such limitation is found in Maryland Rule 2-325, which provides that a party's failure to demand a jury trial within 15 days after service of the last pleading directed to the issue constitutes a waiver by that party of a jury trial. An exception to this waiver rule applies when a party files an amended complaint, asserting a new substantive issue and demanding a jury trial. Under such a circumstance, the new claim may revive a previously waived jury trial. In this case, we must determine whether an amended complaint in which a party demanded a jury trial but added only one new count, which was dismissed for failure to state a claim, revives a previously waived jury trial.

## FACTS AND LEGAL PROCEEDINGS

This case arises from a dispute between a tenant, Peter A. Muntjan, and various actors associated with his landlord, Frank D. Scarfield.[3] Muntjan, an artist, leased from

---

[1] Article 5 of the Declaration of Rights provides in part that "the Inhabitants of Maryland are entitled to the Common Law of England, and the trial by Jury, according to the course of that Law."

Article 23 provides: "The right of trial by Jury of all issues of fact in civil proceedings in the several Courts of Law in this State, where the amount in controversy exceeds the sum of $15,000, shall be inviolably preserved."

[2] Maryland Rule 2-511(a) provides: "The right of trial by jury as guaranteed by the Maryland Constitution and the Maryland Declaration of Rights or as provided by law shall be preserved to the parties inviolate."

[3] Muntjan's Amended Complaint listed Frank D. Scarfield, Deborah Scarfield Torre, and Bettina M. Mabry as defendants. The record suggests Muntjan's lease agreement was actually with Brewery Station, Inc. For ease of exposition—because

Scarfield a 3,000 square foot unit at 7101 Sollers Point Road (Building #8) for use as an art studio. After Scarfield filed a Complaint alleging that Muntjan had held over on his lease, the District Court of Maryland, sitting in Baltimore County, ordered that a Writ of Possession be issued and ordered the Sheriff of Baltimore County to execute the writ no sooner than 12:00 p.m. on December 19, 2007. At that time, a constable of Baltimore County executed the writ and evicted Muntjan from the property.

Three years later, on December 20, 2010, Muntjan, representing himself, filed a complaint in the Circuit Court for Baltimore City, alleging one count for Trover and Conversion ("Count I") and another for Invasion of Privacy ("Count II"), related to the 2007 ejectment and repossession. Scarfield filed a motion to dismiss Count II, which the Circuit Court granted on September 21, 2011, on statute of limitations grounds. On October 7, 2011, Scarfield filed his answer to Count I, without requesting a jury trial. Over four months later, on February 24, 2012, Muntjan filed a jury demand. Then, on April 16, 2012, he filed an Amended Complaint reasserting Counts I and II and adding a third for Abuse of Process ("Count III"). Included with his Amended Complaint was a jury demand.

Scarfield filed a motion to strike both Muntjan's Amended Complaint and his jury demand. The Circuit Court denied the motion to strike the Amended Complaint, but made no ruling as to the jury demand. Scarfield later filed a motion to dismiss Counts II and III for failure to state a claim and orally renewed his motion to strike the jury demand. Regarding the jury demand, Scarfield argued that an amended complaint is not a pleading

Brewery Station, Inc. was not made party to this suit—we will refer only to Scarfield, including when discussing acts performed by Brewery Station, Inc.

2

under Maryland Rule 1-202. Thus, he asserted, because Maryland Rule 2-325 requires that a jury demand be filed within 15 days after service of the last pleading filed, Muntjan's jury demand filed with his Amended Complaint was ineffective.

In ruling on the motion to strike the jury demand, the Circuit Court first observed that an amended complaint is a pleading. To permit a plaintiff to amend a complaint to demand a jury trial at any time would defeat the "orderly process" laid out in Rule 2-325 (a) and (b), it reasoned. Recognizing what it saw as one possible exception where an amendment is permitted to add completely new claims that would not result in prejudice were a jury demand to be entertained, the Circuit Court concluded that the only new count—Abuse of Process—"is certainly related to the same . . . events" as Count I. The Circuit Court reasoned Muntjan could not revive the jury demand for the previous counts in this way because it would permit Muntjan to "resurrect a demand that [he] had already waived by not making it with the original complaint."[4]

Muntjan appealed to the Court of Special Appeals, presenting eight questions for review. *Muntjan v. Scarfield*, No. 1065, Sept. Term, 2012, Slip Op. at 1–2 (Md. Ct. Spec. App., Aug. 5, 2012). The intermediate appellate court, in an unreported opinion, made two rulings relevant to this appeal.[5] First, the panel unanimously held that the Circuit Court

---

[4] On motion by Scarfield, the Circuit Court dismissed Counts II and III for failure to state a claim.

[5] Muntjan also asked the Court of Special Appeals to decide several issues related to discovery. The intermediate appellate court did not address these issues due to the disposition of the case after its decision. *Muntjan v. Scarfield*, No. 1065, Sept. Term, 2012, Slip Op. at 34 (Md. Ct. Spec. App., Aug. 5, 2012). Because our holding calls for a remand,

correctly dismissed Count III, stating: "Because Mr. Muntjan's claim for abuse of process is based on initiation of the eviction process, as opposed to abuse of the process after process was issued, his amended complaint did not state a cause of action for abuse of process." *Id.* at 34.

Second, the divided panel held that the Circuit Court erred in denying Muntjan's jury demand. Restricting itself to the Circuit Court's reasoning in denying the jury demand, the Court of Special Appeals held first that "for a plaintiff to revive a once-waived right to a jury trial based on the filing of an amended complaint, the amended complaint must raise a new issue, *i.e.*, a claim that is based on a set of facts different from those relied on in support of the original claims." *Id.* at 22–23. Second, it held that "the amended complaint in this case raised a new issue [because] Muntjan's claim for Abuse of Process was based on a separate set of facts involving appellees' purpose in initiating the eviction." *Id.* at 23. Thus, with respect to some aspects of Count I, the Court of Special Appeals held that Muntjan was entitled to a remand for a jury trial.[6]

Dissenting as to the jury demand, Judge Rodowsky (specially assigned) considered the Circuit Court "right, . . . but for the wrong reason." *Muntjan v. Scarfield*, No. 1065, Sept. Term, 2012, Slip Op. at 3 (Md. Ct. Spec. App., Aug. 5, 2012) (Rodowsky, J., dissenting). Agreeing that Count III failed to state a claim upon which relief could be

the Court of Special Appeals should consider these discovery issues before it remands to the Circuit Court.

[6] The Court of Special Appeals also held that the Circuit Court erred in dismissing Count II for Invasion of Privacy on statute of limitations grounds. *Muntjan*, at 31–32.

4

granted, Judge Rodowsky reasoned that Count III "did not present a claim at law triable of right and the gears of Rule 2-325 were not engaged." *Id.* at 3. His dissent also questioned the practical implications of entertaining Muntjan's jury demand, observing that, under the Majority's holding, "the right to demand a jury trial that has been waived could be revived simply by a plaintiff's filing anything that purports to be a claim that was not asserted in an earlier pleading." *Id.* at 5.

We granted Scarfield's Petition for Writ of Certiorari, limiting our consideration to the following question:

> Does the filing of an amended complaint which presents a new claim and jury demand revive a previously waived right to a jury trial where the new claim is dismissed for a failure to state a claim upon which relief can be granted?

Because we answer no, we shall reverse the judgment of the Court of Special Appeals and remand for further proceedings.

## STANDARD OF REVIEW

Whether Muntjan was entitled to a jury trial pursuant to Maryland Rule 2-325 is a legal question, and so we review the lower court's decision without deference. *See Duckett v. Riley*, 428 Md. 471, 477, 52 A.3d 84, 87 (2012) ("This is a purely legal inquiry; therefore, we construe Rule 2-325(a) without giving deference to the intermediate appellate court's interpretation."). "[T]he principles applied to statutory interpretation are also used to interpret the Maryland Rules." *Davis v. Slater*, 383 Md. 599, 604, 861 A.2d 78, 81 (2004) (citation omitted). Thus,

> to ascertain the meaning of [a] rule of procedure we first look to the normal, plain meaning of the language. If that language

5

is clear and unambiguous, we need not look beyond the provision's terms to inform our analysis; however, the goal of our examination is always to discern the legislative purpose, the ends to be accomplished, or the evils to be remedied by a particular provision, be it statutory, constitutional or part of the Rules. To that end, we must consider the context in which the . . . rule appears, including related statutes or rules, and relevant legislative history. Also, where the language of the . . . rule is ambiguous, external evidence may be referred to for discerning the purpose of the legislature, including the bill's title or function paragraphs, relevant case law, and secondary sources.

*Id.* at 604–05, 861 A.2d at 81 (internal citations omitted).

**DISCUSSION**

When interpreting the Maryland Rules, we are mindful that they "shall be construed to secure simplicity in procedure, fairness in administration, and elimination of unjustifiable expense and delay." Md. Rule 1-201(a). Moreover, "we must bear in mind that they are 'precise rubrics,' established to promote the orderly and efficient administration of justice, and thus are to be strictly followed." *In re Kaela,* 394 Md. 432, 471, 906 A.2d 915, 938 (2006) (citation and internal quotation marks omitted).

We recently discussed the legal bases for the right to a civil jury trial:

Articles 5 and 23 of the Maryland Declaration of Rights enshrine the right to a civil jury trial. Article 23 provides specifically, the right of trial by Jury of all issues of fact in civil proceedings in the several Courts of Law in this State, where the amount in controversy exceeds the sum of $15,000, shall be inviolably preserved. Although inviolably preserved, the right to have a civil jury trial may be regulated reasonably: Indeed, it is generally acknowledged that the right to a trial by jury can, for all practical purposes, become meaningless to the individual and burdensome to the state unless the exercise of it is regulated to some extent.

6

*Duckett*, 428 Md. at 477–78, 52 A.3d at 88 (internal quotation marks, footnote, alterations, and citations omitted). Maryland Rule 2-325 regulates this constitutionally guaranteed jury right and provides in part:

> (a) **Demand.** Any party may elect a trial by jury of any issue triable of right by a jury by filing a demand therefor in writing either as a separate paper or separately titled at the conclusion of a pleading and immediately preceding any required certificate of service.
>
> (b) **Waiver.** The failure of a party to file the demand within 15 days after service of the last pleading filed by any party directed to the issue constitutes a waiver of trial by jury.

Thus, failure to file a jury demand within 15 days of service of the last pleading constitutes a waiver of the right.

Here, Muntjan failed to file a jury demand within 15 days of service of the last pleading after his initial Complaint. Muntjan included a jury demand in his Amended Complaint in which he added Count III. The Circuit Court dismissed, however—and the Court of Special Appeals affirmed the dismissal of—Count III for failure to state a claim. The jury demand, then, was included in an amended complaint that added no additional counts other than the dismissed Count III.

Scarfield argued in the Circuit Court that an amended complaint is not a pleading, relying on the list of pleadings provided in Maryland Rule 1-202. This Rule defines pleading as "a complaint, a counterclaim, a cross-claim, a third-party complaint, an answer, an answer to a counterclaim, cross-claim, or third-party complaint, a reply to an answer, or

7

a charging document as used in Title 4."[7]  Md. Rule 1-202.  Thus, asserts Scarfield, the question is settled because there was no pleading to which the jury demand could attach.

We do not read Rule 1-202 quite so narrowly.  The Circuit Court reasoned that "[a]n amended complaint is a pleading in the sense that it [is] an amendment of a pleading."  This comports with Rule 2-341, which governs Amendment of Pleadings.  That Rule indicates that what is commonly referred to as an amended complaint is not a distinct procedural vehicle but is more accurately conceived of as "an amendment to a pleading" or "an amended pleading."  Md. Rule 2-341(a) & (e).  This explains why we have repeatedly characterized an amended complaint as a pleading.  *See, e.g.*, *Mathews v. Cassidy Turley Md., Inc.*, 435 Md. 584, 595–96 n.9, 80 A.3d 269, 275 n.9 (2013) ("After some initial skirmishing by the parties about whether the filing of the First Amended Complaint should be permitted, the Circuit Court accepted the amended pleading at the December 2011 motions hearing."); *Hanna v. ARE Acquisitions, LLC*, 400 Md. 650, 653, 929 A.2d 892, 893 (2007) ("The operative pleading is ARE's second amended complaint[.]"); *Crawford v. Leahy*, 326 Md. 160, 163, 604 A.2d 73, 75 (1992) ("The Crawfords also filed an 'Amended Complaint' that was identical to the originally filed complaint; both pleadings contained allegations of negligence.").

---

[7] Maryland Rule 2-302 contains a similar list of pleadings:
> There shall be a complaint and an answer.  There may be a counterclaim, a cross-claim, and a third-party complaint.  There shall be an answer to any counterclaim, cross-claim, or third-party complaint.  No other pleading shall be allowed except that the court may order a reply to an answer.  Demurrers, pleas, and replications are abolished.

Scarfield now adopts the reasoning presented by Judge Rodowsky in his dissenting opinion. Echoing that opinion, Scarfield contends that the dismissal of Count III for failure to state a claim rendered that count not an issue triable by right, and so Maryland Rule 2-325 was not "engaged." He reasons that "[a] claim that is 'triable of right by a jury' must state a cause of action that can survive a motion to dismiss."

Muntjan, responding *pro se*, discusses a number of issues not before this Court and addresses the jury demand issue only briefly, relying on the intermediate appellate court's majority opinion to support his proposition that his Amended Complaint raised a new issue. Thus, he reasons, the jury demand filed with his Amended Complaint revived the waiver as to all live counts.

The Circuit Court concluded that a jury demand attached to Muntjan's Amended Complaint could only attach to Count III—the only new count added to the Amended Complaint. We do not reach this issue in light of our holding that Muntjan did not revive his earlier waived right to a jury trial. Because the Circuit Court dismissed—and the Court of Special Appeals affirmed the dismissal of—Count III for failure to state a claim, the question before us is whether the new demand for a trial by jury, filed with the Amended Complaint containing only a defective new count, is sufficient to revive a previously waived jury demand.

Neither the Rules nor our case law define what it means to be triable of right by a jury. Traditionally, this language refers to whether an action was triable by a jury at common law. *Luppino v. Gray*, 336 Md. 194, 201, 647 A.2d 429, 432 (1994) ("We have held that the reference, in the precursor to Article 23, to jury trial, to which the citizens of

9

Maryland are entitled, is to 'the historical trial by jury, as it existed when the Constitution of the State was first adopted.'" (citation omitted)); Paul V. Niemeyer, Linda M. Schuett & Joyce E. Smithey, *Maryland Rules Commentary*, at 287 (4th ed. 2014) ("Courts will look to the historical nature of claims or issues to determine whether they will be tried to the jury or to the court."). Notably, this inquiry often reduces to a distinction between actions at law—triable by a jury—and actions at equity—triable by a court. *Md. Dept. of Env't v. Underwood*, 368 Md. 160, 183, 792 A.2d 1130, 1143–44 (2002); *Kann v. Kann*, 344 Md. 689, 699, 690 A.2d 509, 514 (1997).

Thus, in their *Maryland Rules Commentary*, Judge Paul Niemeyer, Linda Schuett, and Joyce Smithey say that "if no demand for jury trial was made in connection with a complaint on which a plaintiff might have been entitled to a jury trial, a demand filed with an amended complaint whose only new count is equitable in nature will not be granted." *Maryland Rules Commentary*, at 290–91. In *State Department of Economic and Community Development v. Attman/Glazer P.B. Company*, the state agency filed a complaint seeking declaratory judgment. 323 Md. 592, 602, 594 A.2d 138, 143 (1991). Neither party filed a jury demand within the time limit for the original complaint, but along with its answer to the State's amended complaint, Attman/Glazer ("AG") filed a jury demand, which the trial court struck. *Id.* We affirmed this decision, reasoning:

> Although either party in the instant case might have been entitled to a jury trial on the legal issues generated in the State's original complaint seeking a declaratory judgment and AG's answer, both waived that right under Md. Rule 2-325(b). Thus, AG's entitlement to the jury trial it demanded depended upon whether the State's amended complaint raised an issue "triable of right by a jury."

10

*Id.* at 607, 594 A.2d at 145 (internal citations omitted). Because "[t]he sole issue raised by the State's amended complaint was whether it was entitled to specific performance," an action "which invokes the equity jurisdiction of the court," we held that AG was not entitled to a jury trial. *Id.*

But in determining whether a jury demand filed with a later pleading may revive a previously waived demand, we have not limited ourselves to considering whether the new count raised was actionable at law or equity. At times, the determining factor is whether the new count was only duplicative of previous counts.

In *Luppino*, the plaintiffs sued initially for fraud, intentional concealment, and negligent misrepresentation. 336 Md. at 197, 647 A.2d at 430. The plaintiffs then amended the complaint, adding four new counts and filing a jury demand. *Id.*, 647 A.2d at 431. The circuit court dismissed three of the new counts, but denied the defendants' motion to dismiss the amended count for intentional omission. *Id.* at 197–98, 647 A.2d at 431. It also denied the defendants' motion to strike the jury trial demand. *Id.* at 198, 210, 647 A.2d at 431, 437. On appeal, we agreed with the intermediate appellate court that the jury demand should have been struck because the surviving count in the amended complaint was "merely the restatement of a claim for fraud already set forth in two other counts of the complaint; it did not add a new substantive issue." *Id.* at 198, 647 A.2d at 431. This reasoning demonstrates that even when an additional count is one historically triable by a jury, it is insufficient to revive a previously waived jury demand both when it is duplicative, and when it is dismissed for failure to state a claim.

11

Broadly speaking, "[t]he filing of a demand for jury trial pursuant to [Rule 2-325] does not entitle a party to a jury trial in cases where the right does not otherwise exist." *Maryland Rules Commentary*, at 290. Here, Muntjan's only new count raised in his Amended Complaint—Count III—was dismissed for failure to state a claim. Similar to the equitable counts in *Attman/Glazer* and the dismissed and duplicative counts in *Luppino*, Count III did not present a claim triable of right. "A pleading that sets forth a claim for relief . . . shall contain a clear statement of the facts necessary to constitute a cause of action." Md. Rule 2-305. A count that fails to state a claim is deficient and is no longer "triable of right by a jury." It cannot support a jury demand independently much less provide the springboard to allow other counts to piggyback on its jury demand. Thus, because the only new count raised in the Amended Complaint was dismissed for failure to state a claim, as Judge Rodowsky stated in dissent, "the gears of Rule 2-325 were not engaged." *Muntjan*, at 3 (Rodowsky, J., dissenting).

To permit parties to revive a waived jury demand with a demand included with an amended complaint, even when no new counts state a claim upon which relief could be granted, would strip Maryland Rule 2-325 of any causal efficacy. As Judge Rodowsky rightly observed, "the right to demand a jury trial that has been waived could be revived simply by a plaintiff's filing anything that purports to be a claim that was not asserted in an earlier pleading." *Id.* at 5. Such a theory is an absurd reading of the Rule. *Blandon v. State*, 304 Md. 316, 319, 498 A.2d 1195, 1196 (1985) ("[R]ules of statutory construction require us to avoid construing a statute in a way which would lead to absurd results."). And we will not construe Rule 2-325 so as to render it nugatory. *Taylor v. NationsBank, N.A.*,

12

365 Md. 166, 181, 776 A.2d 645, 654–55 (2001) ("[W]henever possible, the statute should be read so that no word, clause, sentence or phrase is rendered superfluous or nugatory.").

## CONCLUSION

In conclusion, we hold that because Muntjan's Amended Complaint, in which he timely demanded a jury trial, added only one new count, which was dismissed for failure to state a claim, that count is an insufficient basis to revive the waived jury demand for the counts first alleged in his original Complaint.  This reasoning comports with sound policy because a contrary meaning would render Maryland Rule 2-325 meaningless. Accordingly, we reverse the judgment of the Court of Special Appeals and remand to that Court to resolve the discovery issues that are not before this Court and thereafter to remand the matter to the Circuit Court for Baltimore City for a bench trial as to Counts I and II.

**JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED. CASE REMANDED TO THAT COURT FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.  COSTS TO BE PAID BY RESPONDENTS.**

13